699 P.2d 1316

**CHEVRON U.S.A., INC., Plaintiff/Appellant,**

**v.**

**Stuart THOMPSON and Shirley Thompson, Defendants/Appellees.**

**No. 2 CA–CIV 5156.**

Court of Appeals of Arizona, Division 2, Department A.

March 22, 1985.

**86**

Jerold Kaplan Law Office by Jerold Kaplan and Gary Stickell, Phoenix, for plaintiff/appellant.

Elizabeth Sears, Tucson, for defendant/appellee Shirley Thompson.

## OPINION

FERNANDEZ, Judge.

Plaintiff/appellant appeals from the superior court's dismissal of an appeal from an adverse arbitration award. The appellant filed a contract action against defendant/appellee Shirley Thompson who filed an answer. Her former husband, Stuart Thompson, failed to file an answer and a default judgment was entered against him.

The case was transferred to the arbitration calendar pursuant to A.R.S. § 12–133 and Rule 1, Uniform Rules of Procedure for Arbitration, 17A A.R.S. After appellant and its attorney failed to appear at the hearing, the arbitrator entered an award in favor of appellee Shirley Thompson. Appellant filed a proper timely appeal seeking a trial de novo on law and fact.

At the trial with both parties present, the judge asked appellant's counsel about the reason for appellant's non-appearance at the arbitration hearing and found that the failure to appear "constitutes a blatant circumvention of the statutes" and rules, particularly Rule 1(a), which provide for *compulsory arbitration.* After making this finding, the judge dismissed the appeal sua sponte. The issue we must determine is whether a party can completely ignore the compulsory arbitration hearing and still receive a trial de novo before a superior court judge after appeal.

■ Mandatory arbitration of certain cases in Arizona is permitted under A.R.S. § 12–133, and the procedure is governed by the Uniform Rules of Procedure for Arbitration, see 17A A.R.S. Since this procedure is statutory, the statute must be followed. Both A.R.S. § 12–133(H) and Rule 7 of the Uniform Rules of Procedure for Arbitration, 17A A.R.S., provide that any party may appeal from the arbitration award without specifying any reason or grounds therefor and have a trial de novo on law and fact.

■ Although we agree with the trial judge that apparently any party can circumvent the mandatory arbitration procedure by failing to attend the hearing and then file a notice of appeal, we have no authority to prevent such circumvention. It is our belief that the legislature and supreme court should address this issue. We urge them to provide safeguards to prevent future violations of the spirit of the arbitration laws.

We have considered the cases cited by counsel, as well as Rule 41(b), Rules of Civil Procedure, 16 A.R.S., but are compelled to follow the law and rules as they presently exist.

Reversed and remanded for trial de novo in superior court.

BIRDSALL, P.J., and HOWARD, J., concur.