966 P.2d 1007

Patricia T. GRAF, a single woman, Plaintiff–Appellee,

v.

Kathleen L. WHITAKER, a married woman, Defendant–Appellant.

No. 1 CA–CV 97–0121.

Court of Appeals of Arizona, Division 1, Department E.

March 19, 1998.

Review Denied Nov. 17, 1998.

---

Parrillo, Weiss & O'Halloran by Ronald E. Huser, Phoenix, for Defendant–Appellant.

Daniel J. Radacosky, P.C. by Daniel J. Radacosky, Phoenix, for Plaintiff–Appellee.

## OPINION

FIDEL, Presiding Judge.

¶1 Rule 7(a) of the Uniform Rules of Procedure for Arbitration ("Uniform Rules") limits appeals from compulsory arbitration to parties who have appeared and participated in the arbitration proceedings. Pursuant to that rule, the superior court dismissed Kathleen Whitaker's appeal to the superior court from an arbitration award in favor of Patricia Graf. Whitaker now asserts on appeal to this court that Uniform Rule 7(a) impermissibly abridges the statutory right to appeal from arbitration and the constitutional right to trial by jury. We find the rule compatible with both the statute ·and the constitution, but remand for reconsideration of its application in this case.

### I. BACKGROUND

¶2 Whitaker and Graf were involved in an automobile collision. Graf filed a negligence claim against Whitaker, which was assigned to mandatory arbitration pursuant to Arizona Revised Statutes Annotated ("A.R.S.") § 12–133. The arbitrator eventually defaulted Whitaker on liability as a discovery sanction for Whitaker's repeated failure to appear for her deposition. The arbitration hearing proceeded on the issue of damages; Whitaker's lawyer was present, but Whitaker did not attend. The arbitrator awarded Graf $10,000 plus costs.

¶3 When Whitaker appealed the arbitration award to the superior court, Graf moved for the superior court to confirm the arbitrator's discovery sanction of default. The court then remanded for the arbitrator to determine whether Whitaker shared responsibility with her lawyer for the discovery violations. After conducting a hearing, the arbitrator found Whitaker 60% responsible and her lawyer 40% responsible. Explaining the assignment of primary responsibility to Whitaker, the arbitrator found that Whitaker's excuse for missing her deposition

lacked credibility, that she did not treat the deposition seriously, and that she had treated the arbitration proceedings as an annoyance.

¶ 4   Upon Graf's further motion pursuant to Uniform Rule 7(a), the superior court dismissed Whitaker's arbitration appeal. The court construed Whitaker's failure to cooperate in discovery and to attend the arbitration hearing as a failure to participate in the arbitration proceedings and a waiver of her right to appeal.

¶ 5   In a timely appeal to this court, Whitaker challenges the enforceability of Uniform Rule 7(a) and alternatively argues that the rule, if enforceable, was not applicable to her behavior in this case. We have jurisdiction pursuant to A.R.S. § 12–2101(B).

## II.   THE RULE 7(a) WAIVER PROVISION IS ENFORCEABLE.

¶ 6   Arizona law mandates the arbitration of certain cases filed in the superior court. *See* A.R.S. § 12–133 (Supp.1997). Such arbitration, however, is not binding; the statute provides a right of appeal. "Any party to the arbitration proceeding may appeal from the arbitration award to the court in which the award is entered by filing, within the time limited by rule of court, a demand for trial de novo on law and fact." A.R.S. § 12–133(H).

¶ 7   The Uniform Rules of Procedure for Arbitration govern the procedure for arbitration. *See* 17B A.R.S. A former version of Uniform Rule 7(a) tracked the quoted language of A.R.S. § 12–133(H).[1] During the time that the rule and the statute conformed, Division Two of this court addressed whether a party who had completely ignored the mandatory arbitration hearing was nevertheless entitled to appeal and initiate a trial de novo in the superior court. *Chevron U.S.A., Inc. v. Thompson,* 145 Ariz. 85, 86, 699 P.2d 1316, 1317 (App.1985). The court held that a party was so entitled because neither the statute nor the Uniform Rules placed any limitation on a litigant's right to appeal from an arbitration proceeding. *Id.* The *Chevron* court encouraged the legislature and the supreme

court to address the issue, urging them "to provide safeguards to prevent future violations of the spirit of the arbitration laws." *Id.*

¶ 8   In 1990 the Arizona Supreme Court acted on Division Two's suggestion, amending Uniform Rule 7(a) to state in pertinent part: "Any party *who appears and participates* in the arbitration proceedings may appeal from the award by filing a notice of appeal with the Clerk of the Superior Court within twenty days after the filing of the award." (emphasis added). The State Bar Committee Note to the rule identifies *Chevron* as the impetus for the amendment:

> Rule 7(a) was amended in 1990 to eliminate the possibility of circumventing the goal of compulsory arbitration which the Court of Appeals, in *Chevron U.S.A., Inc. v. Thompson,* 145 Ariz. 85, 699 P.2d 1316 (App.1985), found that the prior rule permitted. Under the amended rule, only a party who actually appears and participates in the arbitration proceedings may take an appeal from the arbitration award.

State Bar Committee Note to Unif. R.P. Arb. 7(a).

### A.   On Substance and Procedure

¶ 9   Whitaker contends that Uniform Rule 7(a) improperly diminishes her substantive right to appeal. We disagree. Whitaker's right to appeal from arbitration is a statutorily created substantive right. *State v. Birmingham,* 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964). A statutorily created substantive right cannot be enlarged or diminished by judicial rule. *Daou v. Harris,* 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984). However, "the manner in which the right may be exercised is subject to control through the use of procedural rules." *Birmingham,* 96 Ariz. at 110, 392 P.2d at 776. The Arizona Supreme Court has the exclusive power to make all rules governing procedural matters for courts within the State of Arizona. Ariz. Const. art. 6, § 5(5); *Daou,* 139 Ariz. at 357–58, 678 P.2d at 938–39.

---

1.   In pertinent part, Rule 7(a) stated:
    Any party to the arbitration proceedings may appeal from the award by filing a notice of appeal with the Clerk of the Superior Court within twenty days after the filing of the award.

¶ 10 The parties debate whether Uniform Rule 7(a) procedurally regulates or substantively diminishes the right to appeal from mandatory arbitration. The distinction between substantive law and procedural law has been described as follows:

> [S]ubstantive law is that part of the law which creates, defines and regulates rights; ... procedural law is that which prescribes the method of enforcing the right or obtaining redress for its invasion. It is often said [procedural] law pertains to and prescribes the practice, method, procedure or legal machinery by which the substantive law is enforced or made effective.

*Birmingham*, 96 Ariz. at 110, 392 P.2d at 776 (citations omitted). We have recognized, however, that the procedural/substantive distinction is "always elusive at the margins" and of little practical guidance in a procedurally intense substantive field. *State ex rel. Dep't of Revenue v. Driggs*, 189 Ariz. 74, 78, 938 P.2d 469, 473 (App.1996).[2] For that reason, we do not approach this case as a semantic exercise to be resolved by a selection between indistinct and overlapping categories. Rather, we consider the traditional range of interplay between statutes and rules, we examine the intended range of interplay between the arbitration statute and the Uniform Rules, and we consider whether there is a clash or a consistency of purpose between A.R.S. § 12–133(H) and Uniform Rule 7(a).

¶ 11 We do not hastily find a clash between a statute and court rule. Rather,

> [o]ur rules of procedure and statutes should be harmonized wherever possible and read in conjunction with each other.

In some cases statutes are tempered by the requirements of omnibus rules. In other cases a specific statutory requirement takes precedence. To harmonize a rule and statute, a court should consider the purpose each is meant to serve.

*Thielking v. Kirschner*, 176 Ariz. 154, 159, 859 P.2d 777, 782 (App.1993) (quoting *State ex rel. McDougall v. Superior Court*, 173 Ariz. 385, 386–87, 843 P.2d 1277, 1278–79 (App.1992)).

¶ 12 In this spirit, we turn first to the language of A.R.S. § 12–133, which we find entirely silent on the subject of waiver of the right to appeal. That is, although the statute provides a right of appeal from arbitration, it neither provides that a party *may* nor that a party *may not* forfeit the right of appeal by the manner in which the party approaches or conducts the arbitration.

¶ 13 Next we note that A.R.S. § 12–133 relies from the outset on judicial rulemaking to implement a workable arbitration scheme.[3] We further observe that rules of court are not traditionally seen to impermissibly diminish a litigant's right of action or appeal merely because the rules include, among permissible sanctions for a failure of compliance, the possibility of dismissal of a party's claim or defense. *State v. Jackson*, 184 Ariz. 296, 300, 908 P.2d 1081, 1085 (App.1995); *see also Pompa v. Superior Court*, 187 Ariz. 531, 534, 931 P.2d 431, 434 (App.1997). To the contrary, numerous rules of procedure permit dismissal for procedural violations. *Jackson*, 184 Ariz. at 300, 908 P.2d at 1085 (citing to various Arizona Rules of Civil Procedure, Arizona Rules of Criminal Procedure, and Arizona Rules of Civil Appellate Procedure

---

**2.** As Judge Kleinschmidt aptly stated in concurrence in *State v. Fowler*, 156 Ariz. 408, 414, 752 P.2d 497, 503 (App.1987):

> I do not find the distinctions drawn by many of the cases ... between what is "procedural" and what is "substantive" to be very helpful. I tend to agree with the observation of the Colorado Supreme Court in *Page v. Clark* [197 Colo. 306, 592 P.2d 792 (1979)], that a particular rule may be procedural in one context and substantive in another, depending on the underlying social policies of the competing rule of court and statute.

(citation omitted).

**3.** A.R.S. § 12–133(A) provides:

> The superior court, by rule of court, shall do both of the following:
> 1. Establish jurisdictional limits of not to exceed fifty thousand dollars for submission of disputes to arbitration.
> 2. Require arbitration in all cases which are filed in superior court in which the court finds or the parties agree that the amount in controversy does not exceed the jurisdictional limit.

*See also* A.R.S. § 12–133(C) (requiring the court to provide by rule for the assignment of arbitrators); A.R.S. § 12–133(H) (requiring the court to provide limits by rule for the filing of an appeal).

that provide for dismissal for breach of various procedural rules). Particularly analogous are the rules that authorize the superior court to dismiss a party's civil claim or defense as a sanction for discovery violations or for failure to appear at or participate in a scheduling or pretrial conference. *See, e.g.,* Ariz. R. Civ. P. 37(b)(2)(C), 16(f).

¶ 14 Finally, we observe that Uniform Rule 7(a) does not frustrate but rather advances the intent behind the statute. As we have noted, in order to "harmonize a rule and statute, a court should consider the purpose each is meant to serve." *Thielking,* 176 Ariz. at 159, 859 P.2d at 782. We must also "avoid construction of statutes which would render them meaningless or of no effect." *State v. Clifton Lodge No. 1174, Benevolent & Protective Order of Elks,* 20 Ariz.App. 512, 513, 514 P.2d 265, 266 (1973). To require parties to participate in mandatory arbitration proceedings enhances those proceedings; on the other hand, to permit parties to decline to participate in arbitration and then obtain a trial de novo in the superior court would deprive mandatory arbitration of effect.

### B. Trial by Jury

¶ 15 Whitaker also argues that Uniform Rule 7(a) infringes on her constitutional right to a trial by jury. Ariz. Const. art. 2, § 23. However, the rule does not eliminate Whitaker's right to a jury trial; it only sets forth as reasonable prerequisites that one must appear and participate in the arbitration proceedings.

¶ 16 Courts have the power to control the proceedings before them and enter orders of default or dismissal when a party fails to abide by the procedural rules of the court. *See, e.g., AG Rancho Equipment Co. v. Massey–Ferguson, Inc.,* 123 Ariz. 122, 122–23, 598 P.2d 100, 100–01 (1979). Under such circumstances, parties may be deemed to have waived their right to jury trials through their disregard for court procedure.

Ariz. Const. art. 6, § 17 (right of jury trial may be waived by the parties in any civil cause); *Bloch v. Bentfield,* 1 Ariz.App. 412, 418, 403 P.2d 559, 565 (1965) (plaintiff who failed to appear for trial of his civil action had waived his right to jury trial). Just as parties may waive or forfeit their right to jury trial by conduct in superior court proceedings, they may do so by their conduct in adjunct arbitration proceedings. Uniform Rule 7(a) does not unconstitutionally infringe upon Whitaker's right to a jury trial.

### III. DID WHITAKER WAIVE HER RIGHT TO APPEAL FROM ARBITRATION?

¶ 17 Whitaker finally asserts that Uniform Rule 7(a), if enforceable, is inapplicable because she adequately appeared and participated in the arbitration through her lawyer. She points out that she amended her answer and filed various motions, responses, and replies with the arbitrator and that her lawyer appeared and participated in the arbitration damage hearing. Whitaker argues that Uniform Rule 7(a) does not quantify the level of participation needed to preserve a litigant's right to appeal and suggests that even minimal participation should suffice.

¶ 18 We agree that Uniform Rule 7(a) does not quantify the degree of participation that it requires. Nor, in contrast to Uniform Rule 4(j), which applies to arbitration *hearings,* does it expressly require parties to participate in all arbitration *proceedings* in good faith.[4] Yet the State Bar Committee made clear that it drafted Uniform Rule 7(a) to answer *Chevron*'s call for "safeguards to prevent future violations of the spirit of the arbitration laws." *Chevron,* 145 Ariz. at 86, 699 P.2d at 1317; State Bar Committee Note to Unif. R.P. Arb. 7(a). And although the Committee did not provide a separate comment to Uniform Rule 4(j), we read that rule as intended to advance the identical end. Specifically, we interpret Uniform Rules 7(a) and 4(j) in harmony to require more than minimal par-

---

4. When the supreme court adopted Uniform Rule 7(a), it also adopted Uniform Rule 4(j) which provides in pertinent part:

> Failure to appear at a hearing or to participate in good faith at a hearing which has been set in accordance with subdivision (a) of this Rule shall constitute a waiver of the right to appeal absent a showing of good cause.

Unif. R.P. Arb. 4(j).

ticipation in arbitration proceedings; both require a party to participate in good faith in order to satisfy the spirit of the arbitration laws.

¶ 19 Turning then to the question whether the appearance of Whitaker's lawyer sufficed to satisfy Whitaker's obligations under Uniform Rule 7(a), we recognize that her lawyer did participate in the arbitration proceedings despite the recalcitrance of his client. Yet the lawyer could not satisfy Whitaker's discovery obligations, lacking Whitaker's cooperation and participation. Whitaker was not forthcoming with responses to Graf's discovery requests, and she failed three times to attend her deposition, the third time in direct violation of the arbitrator's order. The arbitrator found Whitaker lacking in credibility and concluded that her "conduct in this case has been with the purpose of delaying this matter." The arbitrator concluded that Whitaker did not treat the arbitration proceedings seriously "but considered them an annoyance." The record supports this characterization; and upon the basis of this characterization, the superior court could appropriately have concluded that Whitaker had failed to appear and participate within the meaning of Uniform Rule 7(a).

¶ 20 The superior court, however, did not rest its finding of a Uniform Rule 7(a) violation entirely upon Whitaker's discovery violations and obstructive attitude and conduct. The court also rested its finding in part upon Whitaker's non-appearance at the arbitration damage hearing. In this respect, in our opinion, the trial court erred. Graf has not claimed, nor does the record indicate, that Whitaker had relevant testimony to offer at the damage hearing; nor has Graf claimed, nor does the record indicate, that Whitaker obstructed the conduct of the damage hearing to any degree by failing to accompany her lawyer to that hearing. In the absence of any showing that Whitaker did not adequately participate in the damage hearing through an appearance by counsel, we cannot agree that her absence from the damage hearing was properly considered by the superior court in deciding whether she had violated Uniform Rule 7(a).

¶ 21 We have concluded that the superior court based its Uniform Rule 7(a) decision in part upon an inappropriate consideration. We cannot be certain that, in the absence of that consideration, the superior court would have made the same decision. We therefore remand to the superior court to reconsider its decision in proceedings to be guided by this opinion.

GERBER and THOMPSON, JJ., concurring.