18 P.3d 124

**Cora SABORI, a single woman, Plaintiff–Appellee,**

v.

**James KUHN and Jane Doe Kuhn, husband and wife, Defendants– Appellants.**

No. 1 CA–CV 99–0460.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 13, 2001.

Pamela A. Virtue, Scottsdale, Attorney for Plaintiff–Appellee.

Doyle, Appel & Davis, P.C. by Stephen A. Mensing, John C. Doyle, Phoenix, Attorneys for Defendants–Appellants.

## OPINION

FIDEL, Judge.

¶1 The superior court determined in the underlying appeal from compulsory arbitration that Defendant James Kuhn had failed to appear or participate in good faith at the arbitration hearing and, accordingly, had waived his right to appeal the arbitrator's award to the superior court. Kuhn now appeals that decision to this court, raising the question whether he satisfied his obligation to appear and participate in good faith by seeking leave to testify at the hearing by telephone from his West Virginia home. Answering that question in the affirmative, we reverse the superior court decision striking his appeal.

### BACKGROUND

¶2 Plaintiff Cora Sabori, a passenger in a van driven by a non-party driver, was injured in a collision with a car driven by Kuhn. Sabori sued Kuhn and his spouse for her damages; the amount in controversy subjected the matter to compulsory arbitration. *See* A.R.S. § 12–133 (2000); Ariz. R. Civ. P. 72(a).

¶3 Sabori sent no interrogatories and noticed no depositions before the arbitration, but Kuhn's lawyer twice attempted to arrange Kuhn's deposition. The first date was rescheduled at Sabori's lawyer's request. On the second date, both lawyers and a court reporter were present, but Kuhn did not appear. In a later affidavit, which has not

been contested, Kuhn attributed his failure to appear to a medical emergency.

¶4 In correspondence between Kuhn's lawyer's first and second effort to schedule his deposition, Sabori's lawyer advised that she might depose Kuhn by telephone, but might reserve cross-examination for the time of the hearing. When the hearing ultimately took place in August 1998, no deposition had occurred. Kuhn moved in advance of the hearing to appear by telephone, representing that he spent the summer months in West Virginia and that it would cause him financial hardship to travel to Arizona for the hearing. Sabori did not file any opposition to the motion, but the arbitrator denied it anyway, stating that the motion was "not allowable under Arizona Rules of Civil Procedure." [1]

¶5 Kuhn did not attend the hearing, but his lawyer appeared and participated. At the close of arbitration, the arbitrator found Kuhn 100% at fault and awarded Sabori $12,000 in damages and $269.75 in taxable costs. When Kuhn appealed the award to the superior court, Sabori moved to strike the notice of appeal, asserting that Kuhn, by absenting himself from the hearing, had waived the right to appeal the award. The superior court agreed, holding:

1. Defendant Kuhn failed to appear or participate in good faith at the arbitration hearing and, therefore, prevented plaintiff from conducting cross-examination on relevant liability issues and affirmative defenses of non-parties at fault and comparative fault; and

2. Defendant Kuhn has waived his right to appeal the arbitration decision pursuant to Rule 4(j), Uniform Rules of Procedure for Arbitration.

### A GOOD FAITH EFFORT TO APPEAR

¶6 On December 1, 2000, the Uniform Rules of Procedure for Arbitration were absorbed into the Arizona Rules of Civil Procedure, where they appear as Rules 72–76. The former Uniform Rule 4(j), which the

---

1. Sabori's lawyer states in her brief that she did in fact object to the motion, but did not make that objection known to the arbitrator, assuming that the arbitrator would deny it without any response. We can only consider the record, however, and not a post hoc account of counsel's private, unrecorded views. Accordingly, for the purpose of our review, Kuhn's motion was unopposed.

superior court cited in its ruling, is now Civil Rule 74(k) and provides in pertinent part, "Failure to appear at a hearing or to participate in good faith at a hearing which has been set in accordance with subparagraph (b) of this Rule shall constitute a waiver of the right to appeal absent a showing of good cause." A related rule—formerly Uniform Rule 7(a), now Civil Rule 76(a)—restricts the right of appeal to a party "who appears and participates in the arbitration proceedings." We interpret the two rules "in harmony to require more than minimal participation in arbitration proceedings; both require a party to participate in good faith in order to satisfy the spirit of the arbitration laws." *Graf v. Whitaker*, 192 Ariz. 403, 407–08, ¶ 18, 966 P.2d 1007, 1011–12 (App.1998).

¶ 7 In *Graf*, we recognized that these rules do not unconditionally require a personal appearance at the arbitration hearing by a party who wishes to preserve the right to appeal. *See id.* at 407–08, ¶¶ 18, 20, 966 P.2d at 1011–12. Rather, whether a party need appear personally or may leave appearance and participation entirely to counsel depends on the pertinence of that party's testimony to the issues to be determined at the hearing. *See id.*

¶ 8 In *Graf*, where only damages were contested, the record gave no basis for concluding that the absent defendant had material testimony to offer at the hearing, and, accordingly, no basis for attributing a waiver to her failure to personally appear. *Id.* In this case, however, as the superior court recognized, Kuhn was a material party witness "to liability issues and affirmative defenses of non-parties at fault and comparative fault." And because Kuhn failed to be present for cross-examination on those issues at the hearing, the superior court concluded that he had failed to appear and participate in good faith.

¶ 9 We agree with the superior court's reasoning to a point. Specifically, we agree that when a party to an accident contests liability and has relevant first-hand testimony to offer on the subject, that party must make himself available for cross-examination at the arbitration hearing, unless mutually satisfactory alternative arrangements

have been made. A failure to do so can reasonably be regarded as a failure to appear and participate in the hearing.

¶ 10 What differentiates this case, however, is that Kuhn *did* make a good faith effort to appear and subject himself to cross-examination when he moved to appear telephonically from his West Virginia home. The arbitrator denied that motion on the ground that it was "not allowable under Arizona Rules of Civil Procedure." The arbitrator too narrowly interpreted his discretion.

¶ 11 The rules relating to arbitration now expressly authorize telephonic testimony; pursuant to Civil Rule 74(a), effective December 1, 2000, "[t]elephonic motions and testimony are acceptable and appropriate" in arbitrations. Although no comparable rule expressly authorized telephonic testimony at the time the present arbitration was conducted, neither did any rule then applicable expressly preclude such a procedure. Rather, a cluster of rules, in our opinion, made telephonic testimony an available option, and a reasonable one in this case.

¶ 12 Rule 1 of the Arizona Rules of Civil Procedure explains that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." And the consideration of expense is even more germane to compulsory arbitration, the express purpose of which "is to provide for the efficient and inexpensive handling of small claims." *See* Ariz. R. Civ. P. 74(a), formerly Ariz. Unif. R. Arb. 3. The arbitrator was thus obliged to consider efficiency and expense in determining how and whether to accommodate Kuhn's residence and presence out of state at the time set for the hearing.

¶ 13 Next, Rule 30(b)(7) of the Arizona Rules of Civil Procedure permits a deposition to be taken by telephone by court order—a deposition that, pursuant to Rule 32(a), may serve in lieu of testimony at a trial or evidentiary hearing. By reasonable inference, if a court can consider written testimony arising from direct and cross-examination recorded under oath in a telephonic proceeding outside the court's presence, such a court should have discretion, in the interest of economy, to

consider direct and cross-examination taken under oath in a telephonic proceeding in the court's presence. The interests of informed decision-making are surely no more poorly served in the second sort of proceeding than the first. In neither sort of proceeding, in the absence of videotaping, can a fact-finder observe the demeanor of the witness; but in telephonic testimony, the fact-finder can at least consider the pacing of the witness's responses and the tenor of his voice.

¶ 14 We recognize that an arbitrator might reasonably have decided under the cluster of rules that we have cited that telephonic testimony should not be taken, either because the testifying party lacked good cause to be absent or because a face-to-face opportunity to observe the party testify might be particularly germane. No such considerations were put forward here, however, and Kuhn's motion was unopposed. The arbitrator did not deny Kuhn the opportunity for telephonic testimony in the *exercise* of his discretion. Rather, he wrongly interpreted the rules as denying him any discretion to entertain it.

¶ 15 In summary, we conclude that it was error by the arbitrator and not a lack of a good faith effort to participate by Kuhn that resulted in Kuhn's absence from the arbitration hearing. We accordingly reverse the decision by the superior court to strike Kuhn's notice of appeal, and we remand for proceedings consistent with this decision.

CONCURRING: MICHAEL D. RYAN, Presiding Judge, WILLIAM F. GARBARINO, Judge.

