370

18 P.3d 164

Kiera LANE, Plaintiff–Appellee,

v.

The CITY OF TEMPE and Daniel G. Serrano and Gwen Serrano, husband and wife, Defendants–Appellants.

No. 1 CA–CV 99–0445.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 13, 2001.

Law Offices of John Evans, P.C. by John Evans, Scottsdale, Attorneys for Plaintiff–Appellee.

C. Brad Woodford, Tempe City Attorney by Clifford L. Mattice, Assistant City Attorney, Tempe, Attorneys for Defendants–Appellants.

## OPINION

FIDEL, Judge.

¶ 1 Because Daniel G. Serrano, a defendant in a case subject to compulsory arbitration, failed to appear at the arbitration hearing, the superior court determined that he had waived his right to appeal the arbitrator's award. The parties were arbitrating Plaintiff Kiera Lane's suit for injuries that she sustained when Serrano, a truck driver employed by the City of Tempe, struck the car that she was driving. Although Lane's lawyer had given notice in the pre-hearing statement that he would call Serrano as a witness at the arbitration hearing, Serrano did not appear. This appeal presents the question whether Serrano's responses to interrogatories, his submission to a pre-hearing deposition, and his lawyer's participation in the hearing sufficed to preserve his right to appeal the arbitration award.

¶ 2 We affirm the superior court's finding that Serrano waived his right to appeal. Defendants contested liability for the collision, alleging that Lane was wholly or partially at fault. Because this liability contest made Serrano's testimony and availability for cross-examination before the arbitrator material to the issues the hearing was conducted to resolve, the superior court did not abuse its discretion in concluding that Serrano had failed to appear and participate in the proceedings as the arbitration rules require.

### BACKGROUND

¶ 3 Serrano collided with Lane while both attempted from adjacent lanes—Serrano to Lane's left—to turn right from a parking lot driveway onto a city street. Serrano, driving a dump truck, was undertaking a wide turn from the outer lane. Lane filed a personal injury suit against Serrano and the City, alleging that Serrano had driven negligently

and that the City was vicariously liable for his conduct.[1] An assistant city attorney filed an answer for Defendants, denying liability and attributing fault to Lane. The case was assigned to compulsory arbitration pursuant to A.R.S. § 12–133.

¶ 4 Defendants participated in discovery. They submitted answers to Lane's interrogatories, verified by Serrano among others; they made Serrano available for a deposition conducted by Lane's counsel; and in a disclosure statement that they filed in accordance with Rule 26.1, Arizona Rules of Civil Procedure, Defendants explained their contention that some or all of the fault should be attributed to Lane.

¶ 5 At the deposition Serrano disclosed that he was no longer employed by the City. He was still represented, however, by the same lawyer that represented the City; and as the arbitration hearing drew near and the lawyers prepared a joint pre-hearing statement, Lane gave notice that she expected Serrano to attend the hearing. Specifically, Lane advised in the pretrial statement that she intended to take Serrano's testimony at the hearing and that she would construe his failure to appear as a waiver of the right to appeal from the arbitration award. Defendants responded that if Serrano failed to appear, his nonappearance should not be construed as a waiver under a reasonable reading of the applicable rules and cases.

¶ 6 Neither lawyer caused Serrano to be served with a subpoena requiring his presence at the hearing; nor did Serrano attend the hearing. Defendants' lawyer actively participated, however, cross-examining Lane's witnesses, presenting testimony by City employees and other witnesses, and arguing Defendants' positions. At the conclusion of the hearing, the arbitrator found Defendants to be 100% at fault and awarded Lane $16,858.14 plus taxable costs of $667.65.

¶ 7 Defendants appealed the arbitration award, requesting a trial de novo in the superior court pursuant to what was then Rule 7(a) of the Uniform Rules of Procedure

1. Lane also included Serrano's spouse as a defendant; it is uncontested that Serrano was acting on behalf of his marital community and that

he was acting within the course and scope of his employment by the City.

for Arbitration and is now Rule 76(a) of the Arizona Rules of Civil Procedure.[2] But pursuant to that same rule, Lane moved to strike the notice of appeal, arguing that Defendants were precluded from appealing by Serrano's failure to appear and participate at the hearing.[3] After considering the parties' memoranda and arguments, the superior court granted Lane's motion in part, striking the Serranos' appeal but not that of the City. From a formal judgment against the Serranos in the amount awarded by the arbitrator, Defendants bring this appeal.

### APPEARANCE AND PARTICIPATION

¶ 8 A compulsory arbitration of this nature is not binding; A.R.S. § 12–133(H) permits an appeal and trial de novo in the superior court. But the rules of arbitration restrict the right of appeal to a party "who *appears and participates* in the arbitration proceedings." Ariz. R. Civ. P. 76(a), formerly Ariz. Unif. R. Arb. 7(a) (emphasis added).[4]

■ ¶ 9 This restriction is the product of an amendment. Under a former version of Uniform Rule 7(a), a party could file an appeal and obtain a trial de novo in the superior court, even if the party had completely ignored the arbitration hearing. *Chevron U.S.A., Inc. v. Thompson*, 145 Ariz. 85, 86, 699 P.2d 1316, 1317 (App.1985). Our supreme court amended the rule, however, in 1990, responding to a call in *Chevron* for "safeguards to prevent future violations of the spirit of the arbitration laws." *Id.* A State Bar Committee Note explained the amendment as follows:

Rule 7(a) was amended in 1990 to eliminate the possibility of circumventing the goal of compulsory arbitration which the Court of Appeals, in *Chevron U.S.A., Inc. v. Thompson*, 145 Ariz. 85, 699 P.2d 1316 (App.1985), found that the prior rule permitted. Under the amended rule, *only a party who actually appears and participates in the arbitration proceedings* may take an appeal from the arbitration award.

State Bar Committee Note to former Ariz. Unif. R. Arb. 7(a) (emphasis added).[5]

■ ¶ 10 The parties debate whether Serrano appeared and participated in the proceedings within the meaning of Civil Rule 76(a), the former Uniform Rule 7(a). For support, both parties invoke *Graf v. Whitaker*, 192 Ariz. 403, 966 P.2d 1007 (App.1998). We find *Graf* more helpful to Lane than to Defendants.

■ ¶ 11 *Graf* demonstrates that the rule does not *unconditionally* require a personal appearance at the arbitration hearing by a party who wishes to preserve the right to appeal. *See id.* at 407–08, ¶¶ 18, 20, 966 P.2d at 1011–12. Rather, whether a party need appear personally or may leave appearance and participation entirely to counsel depends on the pertinence of that party's testimony to the issues to be determined at the hearing. *See id.* In *Graf* we found the defendant's personal noncompliance with discovery a valid basis for the trial court's conclusion that she had failed to appear and participate in the proceedings as Uniform Rule 7(a), now Civil Rule 76(a), required. *Id.* at 408, ¶ 19,

---

2. On December 1, 2000, the Uniform Rules of Procedure for Arbitration were absorbed into the Arizona Rules of Civil Procedure, where they now appear as Rules 72–76. The transfer and renumbering of the rules did not result in any significant change to those rules that we discuss in this opinion.

3. Lane had previously argued waiver to the arbitrator, who declined to address the question, concluding that it should be raised in the superior court if a notice of appeal were filed.

4. Rule 76(a) provides in pertinent part, "Any party who appears and participates in the arbitration proceedings may appeal from the award or other final disposition by filing a notice of appeal with the Clerk of the Superior Court

within twenty days after the filing of the award or other final disposition."

5. When the supreme court amended Uniform Rule 7(a) in 1990, it added Uniform Rule 4(j), which provided in pertinent part, "Failure to appear at a hearing or to participate in good faith at a hearing ... shall constitute a waiver of the right to appeal absent a showing of good cause." The former Uniform Rules 7(a) and 4(j), now Civil Rules 76(a) and 74(k), must be interpreted "in harmony to require more than minimal participation in arbitration proceedings; both require a party to participate in good faith in order to satisfy the spirit of the arbitration laws." *Graf v. Whitaker*, 192 Ariz. 403, 407–08, ¶ 18, 966 P.2d 1007, 1011–12 (App.1998).

966 P.2d at 1012. We also found, however, that the trial court had inappropriately rested its decision in part upon defendant's nonappearance at a hearing at which only plaintiff's damages were contested. We stated,

> The superior court, however, did not rest its finding of a Uniform Rule 7(a) violation entirely upon Whitaker's discovery violations and obstructive attitude and conduct. The court also rested its finding in part upon Whitaker's non-appearance at the arbitration damage hearing. In this respect, in our opinion, the trial court erred. Graf has not claimed, nor does the record indicate, that Whitaker had relevant testimony to offer at the damage hearing; nor has Graf claimed, nor does the record indicate, that Whitaker obstructed the conduct of the damage hearing to any degree by failing to accompany her lawyer to that hearing. In the absence of any showing that Whitaker did not adequately participate in the damage hearing through an appearance by counsel, we cannot agree that her absence from the damage hearing was properly considered by the superior court in deciding whether she had violated Uniform Rule 7(a).

*Id.* at 408, ¶ 20, 966 P.2d at 1012.

¶ 12 This case is far different, for this hearing, unlike that in *Graf,* was not limited to the question of damages. Defendants contested liability, and Serrano, the defendant driver, as one of the two participants in the collision, was clearly a material witness on that issue.

■ ¶ 13 Defendants argue that Serrano provided Lane an adequate opportunity to present his testimony by appearing for his deposition. In our opinion, however, a trial court need not find that attending a deposition suffices to relieve a party of the obligation to appear and participate in the hearing. When one party takes the deposition of an opposing party to preserve his testimony, the deposing party may have reason to undertake a thorough cross-examination. More commonly, however, a party deposes the opposing party merely as a discovery device and reserves cross-examination for the court-

room or hearing room, where demeanor and credibility can be tested before the finder of fact. Pursuant to Uniform Rule 7(a), now Civil Rule 76(a), Lane was entitled to assume that Serrano, who contested liability, would appear and subject himself to cross-examination at the hearing. Accordingly, she was entitled, in our opinion, to conduct a discovery deposition and reserve her cross-examination for the hearing.

■ ¶ 14 Defendants next argue that Lane might have preserved her opportunity to cross-examine Serrano by exercising her right to subpoena him as a witness.[6] We hold, however, that Lane was not obliged to go to this expense. Civil cases must be arbitrated in Maricopa County when the amount in controversy does not exceed $50,000. *See* A.R.S. § 12–133; Ariz. R. Civ. P. 72(a). The purpose of this requirement "is to provide for the efficient and *inexpensive* handling of small claims." Ariz. R. Civ. P. 74(a), formerly Ariz. Unif. R. Arb. 3 (emphasis added). Serrano was not merely a witness, but a party-defendant, represented by counsel. He had material testimony to give on the subject of liability, a contested issue, and he was obliged, under the rules, to appear and participate in the proceedings. Under these circumstances, Lane was entitled to assume that Serrano would be present and Serrano's lawyers should have known that securing his presence was the responsibility of the defense.

■ ¶ 15 The City advances one final argument on its own behalf, separate from its arguments on behalf of Serrano. Because the trial court found no failure to appear or participate by the City, it did not foreclose the City from appealing the arbitration award. Yet a final judgment against Serrano would moot such an appeal, the City argues, because Lane's only theory against the City is one of vicarious liability, and because a final judgment against Serrano would leave no undecided factual or legal issues for the City to contest. Thus, the City urges, we should set aside the Serrano judgment in

---

6. Civil Rule 74(c), formerly Uniform Rule 4(b), provides for the Clerk of Court to issue subpoe-

nas in matters assigned to arbitration, to be "served and enforceable as provided by law."

order to preserve the City's own avenue to a meaningful appeal.

¶ 16 We do not find this argument persuasive. As is common in cases of vicarious employer liability, the City as the employer provided counsel for itself and its employee. Although Serrano had ceased to work for the City by the time the hearing came around, Serrano and the City continued to share not only a lawyer but an identical defense, and the City, through its counsel, should have recognized the importance of Serrano's appearance and participation to their common case. To hold that in a case of vicarious employer liability, an employer can preserve the right to appeal from arbitration by appearing at the hearing without securing the presence of the employee whose actions are at issue would deprive the requirement of appearance and participation of its force.

### CONCLUSION

¶ 17 Under the circumstances of this case, for the reasons we have stated, the trial court did not abuse its discretion in deciding that Serrano had failed to appear and participate in the arbitration and had forfeited the opportunity to appeal from the arbitrator's award. The decision of the trial court is accordingly affirmed.

CONCURRING: MICHAEL D. RYAN, Presiding Judge.

GARBARINO, Judge, dissenting.

¶ 18 I respectfully dissent.

¶ 19 Serrano, a City employee at one time, and the City were represented by the same lawyer. The parties actively participated in all of the arbitration proceedings, including the arbitration hearing. Serrano answered Lane's interrogatories and submitted to a deposition. The City and Serrano appeared and participated in every way, except for the fact that Serrano was not physically present at the arbitration hearing. Serrano was never served with, nor did Lane attempt to serve him with, a subpoena to compel his attendance at the arbitration hearing.

¶ 20 Lane moved the trial court to strike the City's and Serrano's appeal of the arbitration award solely because Serrano did not appear at the arbitration hearing. The court granted the motion as to Serrano, but denied the motion as to the City.

¶ 21 The difficulty arises because the entry of judgment against Serrano is the same as an entry of judgment against the City. Lane's only claim against the City is based on vicarious employer liability and, if the judgment against Serrano is allowed to stand, the City's appeal is effectively moot.

¶ 22 Lane contends that she was denied the right to examine Serrano. It should be noted that Lane's counsel had ample opportunity to examine Serrano during his deposition. Rule 32 of the Arizona Rules of Civil Procedure provides that any portion of Serrano's deposition testimony could have been used at the hearing, subject only to the admissibility provisions of the Arizona Rules of Evidence. While I agree with the majority that there are many reasons why a party would want to examine the opposing party before the hearing officer, I disagree with the pronouncement that Lane was *entitled* to assume Serrano's presence and that it was, the responsibility of Serrano's lawyers to secure his presence for the benefit of the opposing party. Rather, had Lane wanted to examine Serrano at the hearing, it was incumbent upon Lane to compel Serrano's attendance.

¶ 23 The City was faultless and could have done little more to defend itself. There is no allegation that the City acted in bad faith or directed Serrano to forego appearing at the hearing. The majority concedes that the City is entitled to appeal. But, the bottom line is that the City automatically loses because the acts of an employee are imputed to the employer and the City cannot escape the judgment against Serrano that establishes his, and hence the City's, liability. No matter how righteous the City's defense, the recalcitrant actions of an ex-employee will render the City defenseless.

¶ 24 Rule 7(a) of the Uniform Rules of Procedure for Arbitration, now Rule 76(a) of the Arizona Rules of Civil Procedure, amended in 1990 to prevent violations of the spirit

of the arbitration rules,[7] allows only those who have appeared and participated in the arbitration proceedings to take an appeal from an arbitration award. In *Graf,* upon which the majority understandably places great reliance, the court was dealing with the imposition of a sanction imposed because a party, acting in bad faith, failed to provide discovery. 192 Ariz. at 404, 966 P.2d at 1008. That is certainly not conduct attributable to the City or to Serrano in this case.

¶ 25 The majority concludes that Serrano would be able to give material first-hand testimony about the accident. When faced with such a situation, most lawyers needing a party's testimony would have compelled that party's appearance at the arbitration hearing by the use of a subpoena. I know of no rule that requires a party to attend a civil hearing and to submit to an examination therein absent a court order or a subpoena. Serrano had the right to absent himself from the proceedings. Neither *Graf* nor Rule 76(a) mandates a party's physical appearance at the arbitration hearing.

¶ 26 It is entirely possible for all of the parties, including Serrano, to present their positions without Serrano being present. Absolutely nothing in this case required Serrano to be present in order for him and the City to establish a defense. Had Serrano lost his life as a result of the accident, would the City and Serrano's estate be strictly liable because they were unable to resurrect Serrano for the hearing?

¶ 27 In my view, not only does the City have the right to appeal, it also has the right to contest Serrano's liability in a trial de novo.

---

7. *See* former Ariz. Unif. R.P. Arb. 7(a) state bar committee note.