222 P.3d 916

**Victoria ROMER–POLLIS,**
**Plaintiff/Appellant,**

v.

**Anthony E.S. ADA, Defendant/Appellee.**

**No. 1 CA–CV 08–0692.**

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 24, 2009.

Law Offices of Marshall C. Sanders, LLC by Marshall C. Sanders, Phoenix, Attorneys for Plaintiff/Appellant.

Murphy, Schmitt, Hathaway & Wilson, P.L.L.C. by Michael R. Murphy, Andrew J. Becke, Prescott, Attorneys for Defendant/Appellee.

## OPINION

PORTLEY, Judge.

¶ 1 Victoria Romer–Pollis ("Plaintiff") challenges the dismissal of her appeal from an arbitration award. Specifically, she argues that the trial court abused its discretion when it found that she waived her right to appeal by virtue of her conduct during the arbitration proceedings. For the following reasons, we affirm the dismissal.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Plaintiff was involved in an automobile accident and sued Anthony Ada ("Defendant") for damages. The trial court referred the case to compulsory arbitration pursuant to Arizona Revised Statutes ("A.R.S.") section 12–133(A)(2) (2003) and Arizona Rule of Civil Procedure 72(b).

¶ 3 The arbiter scheduled the hearing and ordered the parties to "submit a written prehearing statement ... not less than Fifteen (15) days prior to the ... hearing date." The arbiter directed that each party's statement include a list of witnesses, a list of exhibits, a brief statement about the party's claims/defenses, and a representation that the party had exchanged all exhibits prior to the hearing. Defendant complied with the arbitration order. There is no record, however, that Plaintiff submitted a prehearing statement. Additionally, she did not personally appear at the hearing, although her attorney participated telephonically.

¶ 4 After the hearing, the arbiter awarded Plaintiff $4,000 plus taxable costs. She appealed the award and requested a trial de novo.

¶ 5 Defendant moved to dismiss the appeal and argued that Plaintiff violated the requirements of Arizona Rule of Civil Procedure 75(h) because she: (1) failed to appear at the hearing; and (2) failed to "participate [ ] in [the] hearing in good faith." He specifically argued that "Plaintiff's counsel offered no exhibits at [the] hearing, and all information provided to the Arbitrator by way of timely memoranda (Plaintiff failed to file a memorandum as requested by the Arbitrator), exhibits, etc., were all provided by the defense." Plaintiff responded to both arguments and did not dispute her absence or her failure to submit the requested prehearing memorandum. She argued, however, that her "testimony would not have added or subtracted from the decision" and that "the parties submitted joint exhibits at the ... hearing and the medical bills were stipulated to by counsel."

¶ 6 At oral argument, Defendant avowed that: (1) Plaintiff did not file any memorandum containing a list of witnesses, exhibits, or Plaintiff's position; (2) the defense secured and submitted all of Plaintiff's medical records; and (3) the day before the arbitration hearing, Plaintiff's counsel indicated that Plaintiff would not be testifying at the hearing. Defendant argued, in support of his motion to dismiss, that Plaintiff "flaunted

[sic] her nose at every obligation she had" and that allowing her to go forward would "make [ ] a mockery of the arbitration system." Plaintiff did not deny the factual assertions, but argued that her testimony would not have had any effect on the outcome of the arbitration because all of the evidence was presented to the arbiter.

¶ 7 The trial court subsequently concluded that Plaintiff "failed to participate in good faith with the scheduled Arbitration Hearing" and dismissed her appeal. Plaintiff appeals, and we have jurisdiction pursuant to A.R.S. §§ 12–120.21 and –2101(B) (2003).

## DISCUSSION

¶ 8 A party participating in arbitration pursuant to A.R.S. § 12–133(H) may appeal an arbitration award to the superior court if the party "appear[ed] and participate[d] in the arbitration proceedings." Ariz. R. Civ. P. 77(a). Rule 75(h)[1] provides, however, that the "[f]ailure to appear at a hearing or to participate in good faith ... shall constitute a waiver of the right to appeal absent a showing of good cause."

¶ 9 The "participation" and "appearance" requirements of Rules 75(h) and 77(a) "require more than minimal participation in arbitration proceedings; both require a party to participate in good faith in order to satisfy the spirit of the arbitration laws." *Graf v. Whitaker*, 192 Ariz. 403, 407–08, ¶ 18, 966 P.2d 1007, 1011–12 (App.1998). Whether a party has participated in good faith "is a factual determination to be made on a case-by-case basis." *Lane*, 202 Ariz. at 309, ¶ 17, 44 P.3d at 989.

¶ 10 In *Lane*, our supreme court held that, although a personal appearance by a party is not always required, "[i]n some situations, a personal appearance may be necessary." *Id.* at 309, ¶ 17, 44 P.3d at 989. There, the defendant in an automobile negligence suit failed to personally appear at the arbitration hearing and the plaintiff moved to strike his trial court pleading on that basis. *Id.* at 307, ¶¶ 2–4, 44 P.3d at 987. The court found that

a personal appearance by the defendant was not necessary because of adequate prehearing discovery and because the plaintiff did not take steps to secure his presence. *Id.* at 309–10, ¶¶ 18–20, 44 P.3d at 989–90. The court reasoned that, with completed discovery, the plaintiff "was able to win the case in front of the arbitrator" and that the plaintiff failed to "show[ ] ... how [the defendant's] presence would have made a significant difference in either the conduct of the proceedings or their outcome." *Id.* at 309, ¶ 18, 44 P.3d at 989.

¶ 11 Similarly, in *Graf v. Whitaker*, another automobile negligence action, we held that a personal appearance by a defendant was not required because the only contested issue at the arbitration hearing was damages, and because "the record [does not] indicate[ ] that [the defendant] had relevant testimony to offer." 192 Ariz. at 408, ¶ 20, 966 P.2d at 1012. Thus, "whether a party need appear personally or may leave appearance and participation entirely to counsel depends on the pertinence of that party's testimony to the issues to be determined at the hearing." *Sabori v. Kuhn*, 199 Ariz. 330, 332, ¶ 7, 18 P.3d 124, 126 (App.2001).

¶ 12 We review a trial court's conclusion that a party failed to participate in good faith in an arbitration proceeding for an abuse of discretion. *See Lane v. City of Tempe*, 199 Ariz. 370, 371, ¶ 2, 18 P.3d 164, 165 (App.2001), *vacated on other grounds*, 202 Ariz. 306, 44 P.3d 986; *see also Lopez v. Miller*, 363 Ill.App.3d 773, 300 Ill.Dec. 574, 844 N.E.2d 1017, 1020 (2006) ("We will not disturb a trial court's decision to bar a party from rejecting an arbitration award absent an abuse of discretion."); *Gittings v. Hartz*, 116 Nev. 386, 996 P.2d 898, 901 (2000); *cf. Rivers v. Solley*, 217 Ariz. 528, 530, ¶ 11, 177 P.3d 270, 272 (App.2008) (holding that "[o]n appeal from a dismissal based upon discovery violations, we will affirm a trial court's order unless the record reflects a clear abuse of discretion"). A court abuses its discretion when "it commits an error of law in reaching a discretionary conclusion, it reaches a con-

1. Although Rule 75 was added on September 5, 2007, and effective January 1, 2008, the current language of subsection 75(h) is essentially the same as the former Rule 74(k) and Rule 4(j). *See Lane v. City of Tempe*, 202 Ariz. 306, 308, ¶¶ 9–11, 44 P.3d 986, 989 (2002).

clusion without considering the evidence, it commits some other substantial error of law, or 'the record fails to provide substantial evidence to support the trial court's finding.'" *Flying Diamond Airpark, LLC v. Meienberg,* 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App.2007) (quoting *Grant v. Ariz. Pub. Serv. Co.,* 133 Ariz. 434, 456, 652 P.2d 507, 529 (1982)).

¶ 13 Plaintiff, relying on *Lane,* argues that the trial court abused its discretion when it dismissed her appeal based on the fact that she did not personally appear at the arbitration hearing. Defendant disputes Plaintiff's characterization of the court's ruling and argues that "[a] careful reading of the ... court's minute entry reveals that Plaintiff's appeal was dismissed for a completely different reason: 'that Plaintiff failed to participate in good faith with the scheduled Arbitration Hearing.'"

¶ 14 The trial court dismissed Plaintiff's appeal because she "failed to participate in good faith with the scheduled Arbitration Hearing." The court, however, did not specifically mention Plaintiff's personal absence at the arbitration hearing as the basis for its finding. Plaintiff argues, however, that the motion to dismiss "was solely based upon Plaintiff's failure to personally appear," and the ruling must have been based upon that argument. She mischaracterizes Defendant's motion to dismiss.

¶ 15 In his motion, Defendant argued to the trial court that dismissal was warranted because Plaintiff had failed to personally appear at the hearing *and* had failed to "participate[ ] in [the] hearing in good faith." He specifically asserted that Plaintiff had failed to comply with the arbiter's requirements. Plaintiff responded to both arguments, and stated that she "participated in good faith in th[e] [arbitration]" and that her personal appearance was unnecessary. Both arguments were again raised by Defendant during oral argument.

¶ 16 Based on the arguments made to the trial court, and because the court found that Plaintiff did not participate in the arbitration in good faith, it is clear that, unlike in *Lane,* the dismissal was not solely based on her failure to personally appear.

¶ 17 A failure to comply with the arbiter's basic requests for documentation without just cause may constitute a lack of good faith participation in the process and may frustrate the spirit and purpose of compulsory arbitration. *See Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co., Inc.,* 180 Ariz. 148, 152, 882 P.2d 1274, 1278 (1994) (noting that the purpose of arbitration is to provide "expedited, efficient, relatively uncomplicated, alternative means of dispute resolution, with limited judicial intervention or participation, and without the primary expense of litigation-attorneys' fees"); *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.,* 140 Ariz. 174, 182–83, 680 P.2d 1235, 1243–44 (App.1984) (stating that the "primary attraction of arbitration" is providing an "expeditious and inexpensive method of dispute resolution"). The lack of good faith participation is more plain when the recalcitrant party bears the burden to prove their right to relief.

¶ 18 Here, once the matter was referred to arbitration, both parties were required to comply with the arbiter's orders. The trial court was advised, by avowal, that Plaintiff failed to comply with the arbiter's order and did not personally attend the hearing. Plaintiff did not challenge the fact that, in violation of the arbiter's order, she failed to provide a prehearing statement and a list of witnesses and exhibits, nor did she demonstrate by avowal, offer of proof, affidavit, or other testimony that she had good reason for her failure to comply with the order. Because the record supports the finding that Plaintiff failed to comply with the arbitration order, the record supports the court's stated reason that she failed to participate in the arbitration proceedings in good faith. Accordingly, the court did not abuse its discretion by dismissing her appeal.

¶ 19 Plaintiff argues that she did not need to personally appear at the arbitration hearing. Even if the trial court relied in part upon her failure to personally attend the arbitration hearing, we cannot say that the court's consideration of that fact would be an abuse of discretion.

¶ 20 The only contested arbitration issue, like in *Graf,* was the nature and amount of

Plaintiff's damages. In her Complaint, Plaintiff alleged that she "sustained injuries, was required to undergo extensive medical treatment and incurred substantial medical expenses." She also alleged that she "endured and continues to endure pain, suffering, aggravation, inconvenience, mental and emotional upset and disruption to her life and day-to-day activities, all of which are likely to continue into the future." She sought "fair and reasonable compensation for her pain and suffering as well as any other damages sustained as a result of the negligent acts." Based on her allegations, Defendant, in his arbitration memorandum, challenged whether she could "sustain her burden that she received any injuries, whatsoever" from the accident.

¶ 21 Unlike in *Lane* and *Graf,* where the defendants in automobile negligence actions failed to personally appear at arbitration hearings, Plaintiff had the burden to prove her damages. Although she argues that if Defendant wanted her to testify at the hearing, he should have objected and could "have used her deposition or had her subpoenaed to appear," she does not dispute that she had the burden of proof. Unlike in *Lane*, where our supreme court found that a plaintiff's failure to secure a defendant's presence mitigated against the conclusion that the non-appearing defendant failed to participate in good faith, *Lane*, 202 Ariz. at 309, ¶¶ 19–20, 44 P.3d at 989, a plaintiff with the burden to prove personal damages must present relevant evidence and cannot later claim that the defendant should have objected to the plaintiff's evidentiary decisions or should have attempted to secure arbitration witnesses for the plaintiff.

¶ 22 Here, given the nature of the damages in the complaint, and the burden of proof, the record supports the conclusion that Plaintiff's testimony was pertinent, despite her belief that her "testimony would have meant virtually nothing." [2] Notably, in his award, the arbiter stated that, based on the evidence presented, he "was unable to discern any clear, or even blurry, line of demarcation between Plaintiff's pre-accident health problems and her post-accident health problems." Certainly Plaintiff's testimony would have been helpful to her pain and suffering claim as well as her claim that her damages would continue into the future. Accordingly, to the extent that the trial court considered Plaintiff's failure to personally appear as a basis for its finding that Plaintiff failed to participate in the arbitration proceedings in good faith, the court did not abuse its discretion.

## CONCLUSION

¶ 23 For the foregoing reasons, we affirm the dismissal of Plaintiff's appeal.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge, and DANIEL A. BARKER, Judge.

---

2. In her response to the motion to dismiss, Plaintiff claims that "her testimony would not have added or subtracted from the decision." Plaintiff, however, does not explain on appeal, nor did she explain to the trial court, why her testimony on the issue of damages was unnecessary.