897 P.2d 736

**Renea Ann BITTNER and Scott Bittner, wife and husband, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Frank T. Galati, a judge thereof, Respondent Judge,**

**Albert T. CASILLAS and Jane Doe Casillas, husband and wife, Real Parties in Interest.**

No. 1 CA–SA 95–0086.

Court of Appeals of Arizona, Division 1, Department D.

May 25, 1995.

As Corrected June 13, 1995.

Whissen, Tidmore & Guendel, P.C. by William K. Whissen, Phoenix, for petitioners.

Steven J. Wells & Associates by William F. Begley, Lisa G. Lewallen, Marianne T. Bayardi, Tempe, for real parties in interest.

## OPINION

VOSS, Judge.

This special action involves Rules 5(a) and 7(a), Uniform Rules of Procedure for Arbitration. Although we acknowledge that these rules clearly specify the proper procedure the parties and the arbitrator are to follow, we conclude from the recurrence of this issue that reinforcement is necessary.

On November 3, 1994, the court-appointed arbitrator issued an "Arbitration Award" to Petitioners Renea Ann Bittner and Scott Bittner. On the same day, the arbitrator also filed a "Notice of Decision of Arbitrator" which requested the prevailing party (Bittners) to submit a proposed form of award, an affidavit in support of attorneys' fees, and a verified statement of costs. On November 7, 1994, Bittners' counsel filed a "Statement of Costs and Notice of Taxation of Costs" with the arbitrator, and requested $394.25 in costs. On November 9, 1994, the arbitrator filed an "Amended Arbitration Award," granting special and general damages including for loss of consortium, and costs in the amount of $394.25.

On November 29, 1994, Real Parties in Interest Albert T. and Jane Doe Casillas filed a Notice of Appeal. Bittners filed a Motion to Dismiss claiming the Notice of Appeal was untimely because the twenty-day appeal period began running on November 3, 1994. A hearing was held on the Motion to Dismiss, and the trial court denied the motion, finding that "the November 9, 1994 'Amended Arbitration Award' is the final arbitrator's decision from which an appeal may be taken."

Bittners filed this special action arguing that Casillases' appeal from the arbitration award was untimely because the twenty-day period provided in Rule 7(a) commenced on November 3, 1994, when the "Arbitration Award" was filed rather than November 9, 1994, when the "Amended Arbitration Award" was filed. Bittners contend that 1) the arbitrator lacked jurisdiction to issue any "post-award action," and 2) the arbitrator's act of amending the arbitration award does not extend the twenty-day period for filing an appeal with the superior court.

Rule 7(a) governs the right to appeal from a compulsory arbitration award. It provides in pertinent part:

> Any party who appears and participates in the arbitration proceedings may appeal from *the award* by filing a notice of appeal with the Clerk of the Superior Court within twenty days after the filing of *the award.*

(Emphasis added.)

Rule 5(a) governs the decision and award process in compulsory arbitration. It states in pertinent part:

> Within ten (10) days after completion of the hearing, the arbitrator ... shall file a *notice of decision* with the Clerk of the Superior Court, and on the same day shall mail or deliver copies thereof to all parties or their counsel. Within ten days of the

filing of the notice of decision, the prevailing party shall submit a proposed form of award, an affidavit in support of attorneys' fees ... and a verified statement of costs. Within five days of receipt of the foregoing the opposing party may file objections. Within ten days of receipt of the objections, the arbitrator shall pass upon the objections and file *the award* with the clerk of the superior court, and on the same day shall mail or deliver copies thereof to all parties or their counsel. ...

(Emphasis added.)

Rule 5(a) clearly contemplates two separate filings by the arbitrator. It requires that first, the arbitrator files a "notice of decision," then the prevailing party submits, among other pleadings, a verified statement of costs, to which the opposing party may object. Following these procedural steps, the arbitrator then files "*the award.*" This is the award from which a party may appeal; therefore, the filing of this award triggers the twenty-day appeal period.

In this case, the arbitrator first filed an "Arbitration Award," which did not provide for costs to the prevailing party. On the same day, in his "Notice of Decision of Arbitrator," the prevailing party was instructed to submit a proposed form of award, an affidavit in support of attorneys' fees, and a verified statement of costs. Bittners submitted their Statement of Costs and Notice of Taxation of Costs in compliance with Rule 5(a). Finally, the arbitrator filed an "Amended Arbitration Award," which included an award of costs to Bittners.

The arbitrator's actions were in compliance with the procedures set forth in Rule 5(a). The arbitrator merely misnamed his "Arbitration Award" and "Amended Arbitration Award" and thereby unnecessarily engendered confusion. It is clear from the progression of events that the parties treated the "Arbitration Award," filed on the same day as his "Notice of Decision of Arbitrator," as the arbitrator's notice of decision to the clerk and all the parties. The arbitrator's "Amended Arbitration Award" was intended to be the arbitrator's final award from which an objecting party could appeal. Pursuant to the procedures set forth in Rule 5(a), it

would have been impossible to treat the "Arbitration Award" as the final award, because at the time of its filing, the arbitrator did not know the prevailing party's amount of costs.

The Amended Arbitration Award was filed on November 9, 1994. Casillases filed the Notice of Appeal on November 29, 1994; therefore, it was filed within the twenty-day period specified in Rule 7(a). The arbitrator complied with Rule 5(a) even though he misnamed the documents filed.

For the foregoing reasons we accept jurisdiction, but deny relief.

GERBER, P.J., and CONTRERAS, J., concur.