IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROBERT PHILLIPS, *Plaintiff/Appellee,*

*v.*

CRAIG E. GARCIA, *Defendant/Appellant.*

No. 1 CA-CV 14-0239
FILED 6-9-2015

Appeal from the Superior Court in Maricopa County
No.  CV2012-090337
The Honorable David King Udall, Judge

**SPECIAL ACTION JURISDICTION ACCEPTED, RELIEF GRANTED**

COUNSEL

Stein and Stein, P.C., Mesa
By Henry M. Stein
*Co-Counsel for Defendant/Appellant*

Law Office of Dennis A. Sever, PLLC, Mesa
By Dennis A. Sever
*Co-Counsel for Defendant/Appellant*

Slack-Méndez Law Firm, Tempe
By Charles J. Slack-Méndez
*Counsel for Plaintiff/Appellee*

---

**OPINION**

Presiding Judge John C. Gemmill delivered the opinion of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**G E M M I L L**, Judge:

¶1        In this opinion we address an aspect of the procedure established by the Arizona Rules of Civil Procedure for entry of an award and judgment after a superior court arbitration.  Defendant Craig E. Garcia appeals the superior court's denial of his motion to dismiss the arbitrator's award.  We conclude that we lack appellate jurisdiction, but in our discretion we exercise special action jurisdiction and grant relief by ordering dismissal of the action without prejudice.

**PROCEDURAL BACKGROUND**

¶2        In January 2012, Plaintiff Robert Phillips filed a complaint against Garcia in Maricopa County Superior Court alleging breach of contract, breach of the implied duty of good faith and fair dealing, and fraud/misrepresentation.  The superior court ordered that the case was subject to compulsory arbitration and appointed an attorney as arbitrator.  The matter was arbitrated in December 2012 and the arbitrator issued a ruling that was filed with the court on January 3, 2013.  Phillips's counsel prepared and submitted to the arbitrator a document entitled "Judgment" (hereinafter "the Judgment").  The arbitrator signed the Judgment on January 29, 2013, and it was filed with the court the same day.  The Judgment was not signed by a judge or commissioner of the superior court. The Judgment, in pertinent part, declared that

> [t]his matter having come on for arbitration on December 18, 2012, and the parties having presented their evidence and rested, and based on the Arbitrator's ruling of January 3, 2013,
>
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
>
> 1. Plaintiff Robert Phillips shall have and recover from Defendant Craig E. Garcia the sum of $11,967.00, together with interest thereon at the rate of 4.25% per annum until paid.

2. Plaintiff Robert Phillips shall have and recover from Defendant Craig E. Garcia attorney's fees and costs in the sum of $8,687.00, together with interest thereon at the rate of 4.25% per annum until paid.

¶3        Nothing further was filed with the court until November 2013, approximately 10 months later, when Phillips filed a petition requesting that the court order Garcia to appear as a judgment debtor pursuant to Arizona Revised Statute ("A.R.S.") § 12-1632.  The petition further provided that "[a] *Judgment* has been entered against this Judgment Debtor and docketed."  (Emphasis added).

¶4        Garcia moved to dismiss the arbitration award because no application for entry of judgment was timely filed within 120 days after the arbitrator's decision, in accordance with Arizona Rule of Civil Procedure (Rule) 76(d).  After numerous pleadings by the parties, the court denied Garcia's motion in a signed order filed February 26, 2014.  Garcia filed his notice of appeal on March 7, 2014.

## DISCUSSION

### I. Jurisdiction

¶5        Garcia asserts this court has jurisdiction over this appeal under A.R.S. §§ 12-2101(A)(2), -(A)(3), and –(A)(4).[1]  This court, however, lacks appellate jurisdiction because a challenge to a trial court's denial of a motion to dismiss is a non-appealable interlocutory order.  *See Engle Bros., Inc. v. Superior Court*, 23 Ariz. App. 406, 407, 533 P.2d 714, 715 (App. 1975); *see also N. Propane Gas Co. v. Kipps*, 127 Ariz. 522, 525, 622 P.2d 469, 472 (1980).  No final, appealable judgment has been entered.

¶6        Although this court lacks appellate jurisdiction, we may exercise our discretionary special action jurisdiction under appropriate circumstances, even when the parties have not requested such relief.  *See* A.R.S. § 12-120.21(A)(4) (providing court of appeals has "[j]urisdiction to hear and determine petitions for special actions brought pursuant to the rules of procedure for special actions, without regard to its appellate jurisdiction."); *Danielson v. Evans,* 201 Ariz. 401, 411, ¶ 35, 36 P.3d 749, 759

---

[1]  Unless otherwise specified, we cite the current versions of statutes and rules when no material revisions have been enacted since the events in question.

(App. 2001) (court *sua sponte* accepted special action jurisdiction after it determined it lacked appellate jurisdiction); *Arvizu v. Fernandez,* 183 Ariz. 224, 227, 902 P.2d 830, 833 (App. 1995) (court treated appeal from the trial court's paternity testing order as a special action and exercised special action jurisdiction). Special action jurisdiction is proper when a party has no "equally plain, speedy, and adequate remedy by appeal," Ariz. R.P. Spec. Act. 1(a) or "in cases involving a matter of first impression, statewide significance, or pure questions of law," *see Roman Catholic Diocese v. Superior Court,* 204 Ariz. 225, 227, ¶ 2, 62 P.3d 970, 972 (App. 2003) (internal quotation omitted).

**¶7** The issue Garcia raises on appeal is primarily a question of law—requiring this court to interpret court rules and a statute. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 303, 802 P.2d 1000, 1002 (1990) (accepting special action jurisdiction when the question is a pure issue of law that requires neither factual review nor interpretation). Additionally, the parties have briefed the issue and we have a complete record. We are presented a legal issue of first impression, and judicial economy will be served by a substantive ruling now. Therefore, in our discretion we accept special action jurisdiction to consider whether the trial court erred by not dismissing the case. *See* Ariz. R.P. Spec. Act. 1(a).

## II. Merits

**¶8** Garcia argues the trial court erred when it declined to dismiss the arbitration award in accordance with Rule 76(d), which provides:

> If no application for entry of judgment has been filed within 120 days from the date of the filing of the notice of decision, and no appeal is pending, the case shall be dismissed.

According to Garcia, no true judgment was entered, no appeal filed, and the 120 day period allowed by Rule 76(d) has expired; therefore, the action must be dismissed. Phillips contends that the Judgment is a valid judgment under Rule 76(a) and A.R.S. § 12-133(E), and Garcia did not appeal that judgment. We first address whether a true judgment was entered.

## A. A True Judgment Was Never Entered

**¶9** This court reviews de novo the interpretation of rules and statutes. *M-11 Ltd. P'ship v. Gommard*, 235 Ariz. 166, 168, ¶ 6, 330 P.3d 356, 358 (App. 2014). We look to the plain meaning of the language as the most

4

reliable indicator of the construction and meaning. *See State v. Hansen*, 215 Ariz. 287, 289, ¶ 7, 160 P.3d 166, 168 (2007); *New Sun Bus. Park, LLC v. Yuma Cnty.*, 221 Ariz. 43, 46, ¶ 12, 209 P.3d 179, 182 (App. 2009). When the language of a statute or rule is "clear and unequivocal, it is determinative of the statute's construction." *See Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991).

¶10        Rule 76(a) provides:

> Within ten days after completion of the hearing, the arbitrator shall:
>
> > (1) render a decision;
> > (2) return the original superior court file by messenger or certified mail to the Superior Court Clerk;
> > (3) notify the parties that their exhibits are available for retrieval;
> > (4) notify the parties of the decision in writing (a letter to the parties or their counsel shall suffice); and
> > (5) file the notice of decision with the court.
>
> Within ten days of the notice of decision, *either party may submit to the arbitrator a proposed form of award or other final disposition*, including any form of award for attorneys' fees and costs whether arising out of an offer of judgment, sanctions or otherwise, an affidavit in support of attorneys' fees if such fees are recoverable, and a verified statement of costs. Within five days of receipt of the foregoing, the opposing party may file objections. Within ten days of receipt of the objections, the arbitrator shall pass upon the objections and file one signed original award or other final disposition with the Clerk of the Superior Court and on the same day shall mail or deliver copies thereof to all parties or their counsel.

(Emphasis added.) This rule grants the arbitrator the power to render a decision, and the parties may then propose the form of award for the arbitrator to sign. After the parties have been given an opportunity to voice any objections, the arbitrator's duty is to then "pass upon the objections and *file one signed original award or other final disposition*" with the clerk of the court. Ariz. R. Civ. P. 76(a) (emphasis added). Rule 76(b) directs that when

no award is filed with the court, the notice of decision becomes the award of the arbitrator.

**¶11**        This court has explained that the rules of arbitration "clearly contemplate two separate filings" by the arbitrator: the "notice of decision" and "the award." *See Bittner v. Superior Court (Galati)*, 182 Ariz. 434, 436, 897 P.2d 736, 738 (App. 1995).[2] The arbitrator here filed a notice of decision on January 3, 2013. Phillips's counsel submitted the Judgment to the arbitrator, and it was signed and filed on January 29. The Judgment, despite its name, must be correctly understood to be the "award or other disposition" under Rule 76(a), because it was signed by the arbitrator rather than a superior court judge or commissioner. *See* Ariz. R. Civ. P. 58(a) (generally, "judgments shall be in writing and signed by a *judge* or a *court commissioner* duly authorized to do so") (emphasis added).

**¶12**        Phillips also argues that, based on the "or other final disposition" language in the rule, the mislabeling of the award should not matter. In *Bittner*, the mislabeling of an award was analyzed in the context of whether an appeal from an arbitrator's award was untimely. *Bittner*, 182 Ariz. at 435, 897 P.2d at 737. An arbitrator first filed an "Arbitration Award" with the court but the award failed to provide for costs to the prevailing party. *Id.* at 436, 897 P.2d at 738. On the same day, the prevailing party was instructed to submit an affidavit in support of attorney fees and costs. *Id.* After the submittal, the arbitrator filed an "Amended Arbitration Award," which included costs. *Id.* The non-prevailing party appealed after the "Amended Arbitration Award." *Id.* The court held that the mislabeling of the awards was not fatal to the appeal because the "Arbitration Award" was not intended to be the final award from which a party could appeal and given the absence of costs in that award, it would have been impossible to treat it as final. *Id.* Based on *Bittner*, we agree that the mislabeling of an arbitration award does not necessarily affect an *award* for purposes of an appeal from the award. But the mislabeling of an award as a judgment does not make it a true judgment under the rules.

**¶13**        Rule 76(c) confirms an additional step within the compulsory arbitration procedure by providing that any party may, after the time for

---

[2] The rules analyzed in *Bittner* were the Uniform Rules of Procedure for Arbitration. In 2001, the arbitration rules were transferred to their current placement as Arizona Rules of Civil Procedure 72–77. *See Sabori v. Kuhn*, 199 Ariz. 330, 331, ¶ 6, 18 P.3d 124, 125 (App. 2001).

appeal of the award has expired, "file to have judgment entered on the award." In other words, after an "award or other final disposition" is signed and filed by the arbitrator, a separate judgment is to be entered by the court. Ariz. R. Civ. P. 76; *see also* Ariz. R. Civ. P. 58(a). The rules therefore contemplate three steps leading to a judgment: the arbitrator's notice of decision; the arbitrator's award or other final disposition; and the superior court's entry of judgment.

¶**14** Rule 74 also supports our understanding of Rule 76. Under Rule 74, the arbitrator does not have the power to dispose of the case. Rather, the arbitrator has the power to determine the admissibility of evidence, decide the law and facts of the case, and make legal rulings. *See* Ariz. R. Civ. P. 74(a)–(c). And, once the arbitrator signs the award, he or she is divested of further jurisdiction. *See Diggs Realty & Ins. v. Pertile*, 114 Ariz. 85, 86, 559 P.2d 205, 206 (App. 1977) (holding that after an arbitrator filed an award he was divested of jurisdiction and the case file was returned to the superior court).

¶**15** Phillips nonetheless contends that A.R.S. § 12-133(E) supports his position that the award should be given the effect of a judgment in this case. Section 12-133(E) provides:

> The arbitration award shall be in writing, signed by a majority of the arbitrators and filed with the court. The court shall enter the award in its record of judgments. *The award has the effect of a judgment on the parties unless reversed on appeal.*

(Emphasis added.) Phillips relies primarily on the italicized sentence to equate the award (the Judgment) with a formal, final judgment. Garcia argues that subsection (E) only applies to cases submitted to arbitration by an agreement of reference pursuant to A.R.S. § 12-133(D)[3] because if the

---

[3] Subsection (D) provides

> [r]egardless of whether or not suit has been filed, any case may be referred to arbitration by an agreement of reference signed by the parties or their respective counsel for both sides in the case. The agreement of reference shall define the issues involved for determination in the arbitration proceeding and may also contain stipulations with respect to agreed facts, issues or defenses. In such cases, the agreement of reference

statute was applied to compulsory arbitration cases, it would conflict with Rule 76(c). We are not persuaded by either argument, and we must interpret § 12-133(E) in harmony with the Rules of Civil Procedure if possible. *See Hansen*, 215 Ariz. at 289, ¶ 7, 160 P.3d at 168 ("Rules and statutes 'should be harmonized wherever possible and read in conjunction with each other.'") (citation omitted); *see also Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993) ("[W]hen we are considering the interpretation and application of statutes, we do not believe we can be limited to the arguments made by the parties if that would cause us to reach an incorrect result.").

**¶16** In order "[t]o harmonize a rule and a statute, a court should consider the purpose each is meant to serve." *State ex rel. McDougall v. Superior Court,* 173 Ariz. 385, 387, 843 P.2d 1277, 1279 (App. 1992). Section 12-133 creates the system of compulsory non-binding arbitration and "mandates the arbitration of certain cases filed in the superior court." *Graf v. Whitaker,* 192 Ariz. 403, 405, ¶ 6, 966 P.2d 1007, 1009 (App. 1998). The statute relies on "judicial rulemaking to implement a workable arbitration scheme." *Id.* at 403, 406, ¶ 13, 966 P.2d at 1010. When a dispute is within the jurisdictional dollar amount, it is subject to compulsory non-binding arbitration. A.R.S. § 12-133(A). Rules 72 through 77 "govern the procedure" for compulsory arbitrations, *see Graf,* 192 Ariz. at 405, ¶ 7, 966 P.2d at 1009, and thus supplement the statute. *Cf. State ex rel. Collins v. Seidel*, 142 Ariz. 587, 591, 691 P.2d 678, 682 (1984) (explaining that the court will "recognize 'statutory arrangements which seem reasonable and workable' and which supplement the rules we have promulgated") (citation omitted). Harmonizing Rules 76 and 58(a) with A.R.S. § 12-133(E), we conclude that entry of a true judgment requires an affirmative act by the court. Here, there was no affirmative act by the court because no party requested entry of a judgment.

**¶17** As the court held in *Graf*, we conclude Rule 76 "does not frustrate but rather advances the intent behind the statute." *Graf,* 192 Ariz. at 407, ¶ 14, 966 P.2d at 1011. We have considered the purpose each is meant to serve and have avoided an interpretation that would render portions of the statute or rules meaningless or of no effect. *See id.; see also State v. Clifton Lodge No. 1174, Benevolent & Protective Order of Elks,* 20 Ariz. App. 512, 513, 514 P.2d 265, 266 (App. 1973) ("Courts must avoid construction of statutes which would render them meaningless or of no effect.") (citation omitted).

---

shall take the place of the pleadings in the case and shall be filed of record.

To require a party in a compulsory arbitration proceeding to request entry of judgment by the court does not render any portion of § 12-133(E) meaningless. Rules 76 and 58(a) supplement the statute by clarifying that the court must enter judgment and any party may request the court to do so.

¶18        There is an additional reason we reject Phillips's argument that A.R.S. § 12-133(E) creates a self-executing conversion of an arbitrator's award into a true judgment. Prior to a 2007 change in the rules, the following provision was included in the rules:

> Legal Effect of Award or Other Final Disposition. Upon expiration of the time for appeal and if no appeal has been taken, the arbitrator's award or other final disposition shall become binding as a judgment of the Superior Court and shall be entered in the judgment docket.

*See* Ariz. R. Civ. P. 75(c) (West 2007). This provision *was removed* from the rules in 2007 and the provision in current Rule 76(c) requiring a party to apply for entry of judgment was created. *See* Ariz. R. Civ. P. 76(c) (West 2008). This rulemaking history confirms that the Arizona Supreme Court intended by these rules to require an affirmative act by the court to enter the formal judgment. No such affirmative act occurred here and no true judgment was entered.

**B. Dismissal of the Action is Required Under Rule 76(d)**

¶19        Garcia argues that because a judgment was never entered, the superior court should have dismissed the case in accordance with Rule 76(d), which provides that "[i]f no application for entry of judgment has been filed within 120 days from the date of the filing of the notice of decision, and no appeal is pending, the case shall be dismissed." This language is plain and unambiguous, and should be enforced. *See State ex rel. Romley v. Superior Court (Stewart)*, 168 Ariz. 167, 169, 812 P.2d 985, 987 (1991) (noting that when the language of a rule "is not subject to different interpretations, we need look no further than that language to determine the drafters' intent").

¶20        The parties had until May 3, 2013, within which to request entry of judgment (120 days after the notice of decision was filed on January 3, 2013). Because no application for entry of judgment was filed and

because no appeal from the arbitrator's award was pending, the trial court should have dismissed the action.

## ATTORNEY FEES AND COSTS

**¶21**　　　Both parties request attorney fees based on A.R.S. § 12-341.01. Garcia has prevailed in this court but neither party has prevailed overall and, in our discretion, we decline to make an award of attorney fees to Garcia. Because Phillips was unsuccessful, we also deny his request for attorney fees. Garcia is entitled to an award of statutory, taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶22**　　　We lack appellate jurisdiction over this attempted appeal from the denial of a motion to dismiss. But, in our discretion, we exercise special action jurisdiction to reach the merits of the issues presented. We determine that the Judgment signed by the arbitrator constituted the award under Rule 76, and no true judgment as described in Rules 58(a) and 76 was entered. In accordance with Rule 76(d), therefore, the action should have been dismissed. At oral argument before this court, both parties conceded that—if we determined dismissal was required—a dismissal *without prejudice* would be the appropriate disposition of this action. We therefore vacate the trial court's denial of Garcia's motion to dismiss and also the judgment entered in favor of Phillips, and we direct the entry of a judgment of dismissal without prejudice.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama