NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JACKSON WHITE, P.C., an Arizona corporation, *Plaintiff/Appellee*,

*v.*

DOS LAND HOLDINGS, L.L.C., a Utah liability company,
*Defendant/Appellant*.

No. 1 CA-CV 14-0755
FILED 3-15-2016

Appeal from the Superior Court in Maricopa County
No. CV2012-091011
The Honorable David K. Udall, Judge

**REVERSED AND REMANDED WITH DIRECTIONS**

COUNSEL

Jackson White, P.C., Mesa
By Bradley D. Weech, Roger R. Foote
*Counsel for Plaintiff/Appellee*

Wallin Hester, PLC, Gilbert
By Chad A. Hester
Thompson Ostler & Olsen, Salt Lake City, Utah
By Blake T. Ostler
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**W I N T H R O P**, Judge:

¶1            DOS Land Holdings, L.L.C. ("DOS"), appeals the trial court's judgment awarding Jackson White, P.C. ("Jackson White") unpaid attorneys' fees for past legal services, and attorneys' fees and costs in these collection proceedings.  For the following reasons, we reverse the judgment, direct the trial court to dismiss the case with prejudice and to order Jackson White to refund DOS the payment that DOS made in its effort to satisfy an unenforceable arbitration award.

**FACTS AND PROCEDURAL HISTORY**

¶2            DOS hired Jackson White as local counsel to pursue a claim in Arizona.  Jackson White provided DOS with a written description of Jackson White's fees and expenses (the "Agreement").  The Agreement included a provision to allow Jackson White to recover self-represented collection fees.[1]  Believing it had been overbilled, DOS did not fully pay Jackson White, and eventually terminated the attorney-client relationship.  Thereafter, Jackson White, representing itself, brought this action to collect $7,900.24 in unpaid attorneys' fees, plus additional collection costs and interest.  Jackson White's claim was subject to compulsory arbitration, Ariz. R. Civ. P. 72; Ariz. Local R. Prac. Super. Ct. (Maricopa) 3.10, and the parties

---

[1]      The relevant portion of the fee agreement states "you agree to pay all collection costs . . . [, which include], in the event the firm handles the collection, compensation for the firm's attorney, paralegal and legal assistant time at the standard rates it charges its clients for legal work." DOS never signed the fee agreement, and never explicitly consented to this provision.  Jackson White has argued that, by continuing to "request" legal services after receiving the proposed fee agreement, DOS impliedly accepted the terms of the agreement.  We disagree.  The client did not, by conduct or otherwise, unequivocally accept the terms of the agreement, nor did Jackson White ever explain to DOS, in writing or otherwise, that such a provision is contrary to existing Arizona law, nor recommend that DOS seek independent review before agreeing to such a provision.

were ordered to participate in discovery, including depositions in Arizona, prior to the arbitration hearing.

¶3 Anticipating the cost of discovery and the hearing would exceed the amount Jackson White claimed, DOS agreed to allow an award to be entered against it for $7,900.24 plus costs and interest; accordingly, on April 3, 2013, the arbitrator issued an arbitration award for Jackson White for $7,900.24 plus interest of $227.83 through January 31, 2012 and additional $3.90 per day thereafter. On July 12, 2013, the arbitrator also awarded $37,217.44 in attorneys' fees and costs incurred as part of the arbitration proceedings. Acting on the belief that payment of this amount would conclude the proceedings, DOS on October 31, 2013 paid Jackson White $53,507.46; however, Jackson White claimed DOS' payment failed to cover additional, post-award costs of $7,600.11, and refused to acknowledge satisfaction of the award.

¶4 In January 2014, DOS filed a motion in the superior court to set aside the arbitration award under Rule 60(c) and to seek sanctions against Jackson White for violating Arizona Revised Statutes ("A.R.S.") § 33-964(c) (requiring filing a notice of satisfaction of a judgment upon payment thereof).[2] The court denied the motion in an unsigned minute entry. DOS filed its first notice of appeal from this order, which we dismissed for lack of jurisdiction.

¶5 On September 16, 2014, more than 120 days after issuance of the attorneys' fees award, Jackson White applied for entry of the arbitration award as a judgment. A judgment to this effect was signed two days later and filed the next day on September 19, 2014. DOS objected to the entry of judgment, and referred the court to its prior Rule 60(c) motion. The court overruled the objection, without further explanation. DOS timely appealed the judgment.

¶6 The main thrust of DOS' objections below and for this appeal is that, as a matter of substantive law and public policy, Jackson White is not entitled to seek or retain an award of attorneys' fees incurred while representing itself, citing *Connor v. Cal-Az Props., Inc.*, 137 Ariz. 53, 56, 668 P.2d 896, 899 (App. 1983) (reversing the award of attorneys' fees to self-represented attorneys); *see also Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Southwest, LLC*, 235 Ariz. 125, 126–28, ¶¶ 5, 12, 329 P.3d 229,

---

[2] Absent material revisions from the relevant date, we cite a statute's current version.

230–32 (App. 2014) (barring the recovery of attorneys' fees by self-represented attorneys or law firms); *Lisa v. Strom*, 183 Ariz. 415, 419–20, 904 P.2d 1239, 1243–44 (App. 1995) (denying award of attorneys' fees to a self-represented attorney because such an award would injure the dignity of the courts and attorneys and foster litigation over specious claims).

¶7 While the appeal was pending, we asked the parties to provide supplemental briefing on the following additional issues: 1) the applicability of Arizona Rules of Civil Procedure ("ARCivP") Rule 76(d) and *Phillips v. Garcia*, 237 Ariz. 407, 413, 351 P.3d 1105, 1111 (App. 2015) regarding whether the judgment sought by Jackson White was untimely and whether the case should be dismissed; 2) whether any such dismissal should be with or without prejudice; and 3) what measures, if any, would be available regarding the payment that DOS has already made to Jackson White. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**ANALYSIS**

*I.     Dismissal*

¶8 *Phillips v. Garcia* stands for the proposition that, pursuant to Rule 76(d), the failure to timely apply for and convert an arbitration award into a court judgment requires the dismissal of the case. *Phillips*, 237 Ariz. at 413, ¶ 19, 351 P.3d at 1111. Jackson White argues *Phillips* was wrongly decided, and is contrary to the Arizona Supreme Court's holding in *Campbell v. Deddens*, 93 Ariz. 247, 250, 379 P.2d 963, 965 (1963). We disagree.

¶9 In *Campbell*, the supreme court interpreted a different rule, Rule V(d) of the Uniform Rules of Practice (a predecessor of Rule 38.1(f) of ARCivP)—which provides a case "shall be dismissed" if the case has been placed on the inactive calendar for over two months. *Campbell*, 93 Ariz. at 248, 248 n.1, 379 P.2d at 964, 964 n.1. At the end of that two-month period, inactive cases are routinely dismissed by court administrative order; if no such order has issued, the defendant may move for dismissal, which, if unopposed by the plaintiff, must be granted. *Id.* at 250–51, 379 P.2d at 965. The supreme court considered this procedure in light of the availability of ARCivP Rule 60(c) relief, and held that the trial court has discretion to set aside an administrative dismissal order if circumstances identified under Rule 60(c) are present. *Id.* Here, Jackson White seeks to expand the scope of the court's holding in *Campbell* to all dismissals mandated by failure to comply with the requirements of any rule of civil procedure, and argues that the trial court's entry of judgment based upon Jackson White's untimely request constituted an implicit granting of relief from the

requirement under Rule 76(d) that any application to convert the arbitration award into a judgment be submitted within 120 days of the arbitration award. Such an expansive application of *Campbell* is not warranted, and neither is the conclusion that the trial court here implicitly treated Jackson White's untimely application as some form of a motion for relief from Jackson White's failure to comply with Rule 76(d).

**¶10** *Phillips* squarely considered the issue, and reached the conclusion that dismissal is mandatory under Rule 76(d) if the parties fail to timely apply for the entry of an arbitration award as a judgment. *Phillips*, 237 Ariz. at 412–13, ¶¶ 16–18, 351 P.3d at 1110–11.

**¶11** Under Rule 74, an arbitrator lacks jurisdiction to enter a judgment. Ariz. R. Civ. P. 74; *Phillips*, 237 Ariz. at 411–12, ¶ 14, 351 P.3d at 1109–10. Based on the explicit changes to Rules 75 and 76, entry of judgment on an arbitration award is not automatic; instead the obligation to apply for entry of judgment is affirmatively and unequivocally placed on the parties. *Phillips*, 237 Ariz. at 412, ¶¶ 15–17, 351 P.3d at 1110. Before a 2007 revision, Rule 75(c) provided: "Legal Effect of Award or Other Final Disposition. Upon expiration of the time for appeal and if no appeal has been taken, the arbitrator's award or other final disposition shall become binding as a judgment of the Superior Court and shall be entered in the judgment docket." Ariz. R. Civ. P. 75(c) (West 2007); *Phillips*, 237 Ariz. at 413, ¶ 18, 351 P.3d at 1111. Following revision by the supreme court effective in 2008, this provision was removed and replaced with the present Rule 76(c) language—"Judgment. Upon expiration of the time for appeal, if no appeal has been filed, any party may file to have judgment entered on the award."—which places the obligation on the parties to seek entry of the award as a judgment. Ariz. R. Civ. P. 76(c);[3] Ariz. R. Civ. P. 76(c) (West 2008); *Phillips*, 237 Ariz. at 413, ¶ 18, 351 P.3d at 1111; State Bar Comm. Note to Ariz. R. Civ. P. 76. Further, Rule 76(d) explicitly provides that: "If no application for entry of judgment has been filed within 120 days from the date of the filing of the notice of [arbitration] decision, and no appeal is pending, *the case shall be dismissed.*" Ariz. R. Civ. P. 76(d) (emphasis added).

**¶12** In the alternative, Jackson White argues *Phillips* should not apply retrospectively to the present case. As our supreme court has noted, "[i]n actions involving purely civil matters, the law of the State of Arizona has always been that unless otherwise stated, a court opinion operates retroactively as well as prospectively." *Chevron Chem. Co. v. Super. Ct.*, 131

---

[3] As noted in n.2 of this decision, the current version of a statute is cited unless otherwise specified.

Ariz. 431, 435, 641 P.2d 1275, 1279 (1982). There is, in fact, "a presumption that opinions by appellate courts of this state are retroactive as well as prospective." *Id.* at 436, 641 P.2d at 1280. To overcome this presumption and for an opinion to operate prospectively only, three conditions must be met: the opinion 1) establishes a new legal principle by overruling clear and reliable precedent or by deciding an issue whose resolution was not foreshadowed; 2) would adversely affect the purpose behind the new rule; and 3) would produce substantially inequitable results if applied retroactively. *Id.*; *see also*, *Law v. Super. Ct.*, 157 Ariz. 147, 160, 755 P.2d 1135, 1148 (1988) (applying this rule). Jackson White has not cited any authority other than *Campbell* to show the existence of a legal principle contrary to that expressed in *Phillips*. In fact, the plain language of Rule 76(d) mandates such result. Further, mandatory dismissal advances, rather than adversely affects, the intent behind the explicit changes to Rules 75 and 76. *Phillips*, 237 Ariz. at 413, ¶ 18, 351 P.3d at 1111. Thus, we conclude *Phillips* operates both prospectively and retroactively, and applies to the present case.

¶13        Jackson White argues, however, that if Rule 76(d) mandates a dismissal, DOS should be similarly "punished" based on Rule 75(h), as DOS did not "participate" in the arbitration hearing. This argument lacks merit. Rule 75(h) requires the parties participate in arbitration in good faith, which provides, "**(h) Failure to Appear or Participate in Good Faith at** [arbitration] **Hearing.** Failure to appear at a hearing or to participate in good faith at a hearing which has been set in accordance with Rule 74(b) shall constitute a waiver of the right to appeal absent a showing of good cause. If the judge finds that further proceedings before the arbitrator are appropriate, the case shall be remanded to the assigned arbitrator." Ariz. R. Civ. P. 75(h). On this record, DOS agreed to allow an arbitration award against it to be entered, which eliminated the need to proceed with any arbitration hearing. DOS did not seek to "appeal" the award under Rule 76. There was no arbitration hearing, nor can we discern any apparent bad faith on the part of DOS. As such, Rule 75(h) has no applicability here.

¶14        Finally, Jackson White argues DOS is estopped from relying on *Phillips* because it has on previous occasions referred to or acknowledged the arbitration award as a judgment. Mislabeling an arbitration award as a judgment, however, does not convert that award into a judgment. *Phillips*, 237 Ariz. at 411, ¶ 12, 351 P.3d at 1109. Also, to the extent Jackson White is arguing that DOS is equitably estopped in some fashion, it has not shown that it suffered any injury in reliance of DOS' reference of the award as a judgment. *See McBride v. Kieckhefer Assocs. Inc.*, 228 Ariz. 262, 267, ¶ 23, 265 P.3d 1061, 1066 (App. 2011) (holding, to establish equitable estoppel, the party must show 1) affirmative acts by the

other party inconsistent with its prior claim; 2) reliance by the party on such conduct; and 3) injury suffered by the party from the reliance).

¶15            For these reasons, and applying the clear mandate of Rule 76(d) and the authority of *Phillips*, dismissal is required for the present case.

## II.    *Dismissal with Prejudice*

¶16            Rule 76(d) does not specify whether the dismissal should be with or without prejudice.  Under Rule 41(b), the court, however, may dismiss a case for violation of the rules of civil procedure.  Ariz. R. Civ. P. 41(b).  Jackson White argues Rule 41(b) does not apply because this rule only applies when the defendant moves for dismissal.  We disagree.  Rule 41(b) states, "[f]or failure of the plaintiff . . . to comply with these rules [ARCivP] . . ., a defendant *may* move for dismissal of an action or of any claim against the defendant."  Ariz. R. Civ. P. 41(b) (emphasis added).  It is within the court's inherent power and discretion to dismiss a case on its own motion under this rule.  *Troxler v. Holohan*, 9 Ariz. App. 304, 306, 451 P.2d 662, 664 (1969).  Unless the dismissal is for certain reasons specified in the rule—e.g., for lack of jurisdiction or improper venue—dismissal under Rule 41(b) is with prejudice.  *Phillips v. Ariz. Bd. of Regents*, 123 Ariz. 596, 598, 601 P.2d 596, 598 (1979).  Therefore, the present case should be dismissed with prejudice.

¶17            Jackson White also argues the case cannot be dismissed with prejudice unless the interests of justice so require, citing *Quigley v. City Ct. of Tucson*, 132 Ariz. 35, 36, 643 P.2d 738, 739 (App. 1982) (interpreting Arizona Rules of Criminal Procedure Rule 16.5(d) concerning dismissal of criminal prosecutions).  This is not a criminal case and *Quigley* does not apply to these facts.  Even assuming *arguendo* such a policy applies to dismissal of civil actions, the interests of justice here do require dismissal with prejudice.  Established public policy and Arizona case law bar attorneys or law firms from recovery of self-represented attorneys' fees.  *See Munger Chadwick*, 235 Ariz. at 126–28, ¶¶ 5, 12, 329 P.3d at 230–32; *Lisa*, 183 Ariz. at 419–20, 904 P.2d at 1243–44.

¶18            Jackson White also contends there is a general policy that courts should decide cases on the merits; we disagree with this sweeping generalization because courts certainly can and do enforce rules of procedure that may result in a final dismissal of the case.  *See, e.g., Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342, 678 P.2d 525, 527 (App. 1984) (dismissing an appeal for failure to comply with ARCAP 13).

**¶19**        Jackson White does not offer any other reason why the dismissal of this case should be without prejudice. Accordingly, on remand the court shall dismiss the action with prejudice except for the restitution provision discussed below.

        *III.      Restitution*

**¶20**        Citing *Del Rio Land, Inc. v. Haumont*, 110 Ariz. 7, 9–10, 514 P.2d 1003, 1005–06 (1973), Jackson White argues that the "voluntary" payment by DOS renders this appeal moot, and contends that, even if the appeal is not moot, it should not be required to refund any monies already paid by DOS. As discussed below, *Haumont* is not applicable; we disagree that the appeal is moot; and we conclude that DOS is entitled to restitution of any and all sums, plus interest, paid to Jackson White in furtherance of its complaint for unpaid services, including all attorneys' fees documented in the collection action before the arbitrator and in the superior court.

**¶21**        In *Haumont*, the court held that, although voluntary satisfaction of a judgment before filing a notice of appeal may render an appeal moot, payment of a judgment pending appeal does not usually give rise to estoppel of appeal because the losing party must pay the judgment promptly or otherwise face financial consequences. *Id.* at 9, 514 P.2d at 1005. Here, DOS' payment was made with knowledge that, unless paid, the award would continue to accrue interest. Further, the payment was expressly conditioned upon acknowledgement by Jackson White that such payment was in full satisfaction of the award. Jackson White accepted the payment but refused to provide that acknowledgement. Under these circumstances, we do not conclude that the appeal by DOS was mooted by its payment to Jackson White.

**¶22**        Jackson White's efforts to convert the arbitration award into a judgment were untimely. Its application for that judgment should have been denied, and the case dismissed pursuant to Rule 76(d). Dismissal of that case means that Jackson White is not entitled to collect or retain the $7,900.24 it believed it was still owed by DOS from the underlying representation, or any of the $53,507.46 it received from DOS on October 31, 2013 for those fees and the additional fees and expenses purportedly incurred in its collection efforts. *See Raimey v. Ditsworth*, 227 Ariz. 552, 559, ¶ 22, 261 P.3d 436, 443 (App. 2011) (following the rule that funds paid by a judgment debtor to a judgment creditor must be refunded to the debtor if the judgment has been set aside and justice requires restitution).

**CONCLUSION**

¶23      The trial court's judgment is reversed.  This case is remanded to the trial court with directions to enter dismissal with prejudice as to all claims by Jackson White, and to order Jackson White to refund to DOS any payments made to Jackson White for the alleged unpaid fee obligation of $7,900.24, and for any other sums paid by DOS on October 31, 2013.  Jackson White is to refund those amounts, plus interest accrued at the legal rate since October 31, 2013.  Further, subject to compliance with ARCAP 21, DOS is awarded its taxable costs and reasonable attorneys' fees incurred on appeal.



Ruth A. Willingham · Clerk of the Court
FILED : ama