NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RAFAEL BARBA MARTINEZ, *Plaintiff/Appellee,*

*v.*

CELIA DENISE BARBA, *Defendant/Appellant.*

No. 1 CA-CV 19-0116
FILED 12-12-2019

Appeal from the Superior Court in Yuma County
No. S1400CV201800006
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED**

COUNSEL

Celia Denise Barba, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

**W I N T H R O P**, Judge:

¶1        Celia Denise Barba ("Appellant") appeals an arbitration judgment entered against her.  Appellant argues the court lacked personal jurisdiction over the plaintiff, the court erred in allowing the arbitrator to submit the form of judgment of the award for the court to enter, and the amount of the award was incorrect.  For the following reasons, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

¶2        Appellant assisted her father, Rafael Barba Martinez ("Appellee" or "Father") in pursuing an insurance claim after he was involved in a motor vehicle accident.  After obtaining a settlement check related to the accident, Appellant added Father to her bank account and deposited Father's settlement check in that shared account.  Appellant then took $16,000 from the settlement money in the account.  Father claims Appellant took the money without his permission.  Appellant argues Father gifted her $8,000 for assisting him with his insurance claim and loaned her an additional $8,000 with the understanding that she would repay the loaned portion when she was able.

¶3        Father filed a civil complaint against Appellant in superior court in Yuma County on January 2, 2018.  The court appointed an arbitrator to hear the case, and the parties met for compulsory arbitration on October 24, 2018.  The arbitrator entered an award for Father that same day in the amount of $15,581.[1]  On December 12, 2018, the court held a status conference regarding the arbitration.  At the status conference, Father expressed his confusion with the process for reducing his arbitration award to a judgment and explained that he had not yet submitted a proposed judgment for signature.  With leave of the court, the arbitrator offered to submit a form of judgment for the court's review and signature.  The arbitrator submitted such a document, and the court approved and signed

---

[1]        This amount was $16,781 minus $1,200 that Appellant had already repaid to Father.  The award also included post-judgment interest accruing at 6.25% annually.  Although the award did not specify how this interest rate was calculated, we note it comports with the applicable prime rate at the time of the award and Arizona Revised Statutes ("A.R.S.") section 44-1201(B) (The interest rate is the "rate per annum that is equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15" as of the date of entry of the award.).

the judgment on January 2, 2019. On January 16, 2019, Appellant filed an appeal of the award and judgment to this court. That same day, Appellant also filed a "Motion to Dismiss and/or Motion for Reconsideration" (hereinafter, the "Motion") with the superior court, arguing the amount of the award was incorrect and that the judgment was not properly filed because the arbitrator, not Father, had submitted the award to be reduced to a judgment.

¶4        This court stayed Appellant's appeal to allow the superior court to consider Appellant's Motion. The superior court held a hearing on the Motion on March 14, 2019. After giving Appellant time to explain the arguments raised in her Motion, the court denied the Motion, reasoning Appellant had not shown that she was unfairly prejudiced by the arbitrator—rather than Father—submitting the form of judgment for the court's signature.

¶5        Appellant's appeal to this court was automatically reinstated on April 26, 2019, after the superior court signed its minute entry denying Appellant's Motion. We have jurisdiction over this appeal under A.R.S. §§ 12-2101(A)(1), -2101.01(A)(6).

## ANALYSIS[2]

*I.        Personal Jurisdiction*

¶6        First, Appellant asserts that the superior court erred by failing to dismiss the action for lack of personal jurisdiction, arguing the court lacked jurisdiction over her Father (plaintiff to the original action) because he lives in Mexico. Assuming, *arguendo*, that this issue was properly raised before us, we address it briefly. A court's ruling on personal jurisdiction is

---

[2]        Pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(7), an appellant's opening brief must contain an argument section "with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies." Based on Appellant's noncompliance with ARCAP 13(a)(7)(A), this court could dismiss the action outright; however, in our discretion, we address Appellant's arguments as we understand them. *See* ARCAP 25. In similar fashion, Father has not filed an answering brief, which we may regard as a confession of error. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002); *see also* ARCAP 15(a)(2). On this record, we decline to do so.

subject to *de novo* review. *Hoag v. French*, 238 Ariz. 118, 122, ¶ 17 (App. 2015).

¶7            Appellant misunderstands what is required for a court to have personal jurisdiction over a party.   Personal jurisdiction is an individual right arising from protections in the Due Process Clause, which right may be waived by "submit[ting] to the jurisdiction of the court by appearance." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-03 (1982); *see also* 21 Corpus Juris Secundum, Courts, § 68 (2019) ("The court obtains personal jurisdiction over a plaintiff by the plaintiff's filing of a pleading with the court, which jurisdiction then continues through all stages of the litigation." (footnote omitted)).   Thus, personal jurisdiction over Father existed when he filed his civil complaint with the superior court in Yuma County, regardless of whether Father lives in Arizona or Mexico.   Furthermore, although not specifically argued, we note that personal jurisdiction was also proper as to Appellant because she is domiciled in Arizona.[3]  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.").   The superior court did not err by declining to dismiss the action for lack of jurisdiction.

      *II.*     *Entry of the Award by the Arbitrator*

¶8            Appellant also argues that the court erred in entering judgment on the award because the award was submitted to the court by the arbitrator rather than by Father.[4]  Appellant bases her argument on

---

[3]     Additionally, Appellant seems to assert that jurisdiction was improper because she lives in Maricopa County, but the complaint was brought in Yuma County.   We reject this argument.   "If an action is not brought in the proper county, the court shall nevertheless have jurisdiction and may hear and determine the action" unless the defendant files an affidavit with the court stating that the county is improper and specifically requesting transfer to the proper county.   A.R.S. § 12-404(A).   Appellant did not seek a change of venue and has waived such procedural defense.

[4]     Appellant also asserts the court should not have reduced the award to a judgment because "the deadline to file a form of judgment had passed." This assertion is not true.   After the arbitrator files notice of the award, a party has 120 days total to file a motion with the superior court to enter judgment on the award before the action will be dismissed without

language contained in Arizona Rule of Civil Procedure ("Rule") 76(d), which states that "any party may file a motion to enter judgment on the award." We review *de novo* questions involving interpretation or application of court rules. *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 549, ¶ 22 (App. 2008).

**¶9** In support of her argument, Appellant relies on *Phillips v. Garcia*, which states that an award signed by an arbitrator and titled "Judgment" is not a true judgment by the court as described in Rule 76(d). 237 Ariz. 407, 411, ¶ 12 (App. 2015). The *Garcia* court clarified that "entry of a true judgment requires an affirmative act by the court." *Id.* at 412, ¶ 16.

**¶10** We find the entry of judgment here complied with the guidance in *Garcia*. In *Garcia*, there was no affirmative act by the court to reduce the arbitrator's award to a formal judgment. *Id.* While the arbitrator in *Garcia* had signed a document entitled "Judgment," it was never signed by a judge or commissioner of the superior court. *Id.* at 409, ¶ 2. In contrast, here the arbitrator filed both the written arbitration award and a form of judgment that confirmed that award with the court. Appellant did not timely object to the proposed form of judgment, which was signed by the court on January 7, 2019.[5]

**¶11** Appellant points to no authority prohibiting an arbitrator from assisting a party or the court by submitting a form of judgment that the court could then sign and enter. Appellant also makes no argument that allowing the arbitrator to submit the form of judgment prejudiced her, aside from claiming the submission made the arbitrator impartial or allowed the arbitrator to act as Father's counsel. Appellant's argument lacks merit; the rules of procedure clearly contemplate and authorize the

prejudice. Arizona Rule of Civil Procedure 76(d). Here, the arbitrator filed the arbitration award with the court on October 24, 2018. The court entered judgment on the award on January 2, 2019, which was within the prescribed time limit.

[5] Appellant was not present at the December 12, 2018, status conference when the arbitrator offered to submit the form of judgment to the court. Appellant claims she was not present because the court never mailed her notice of the hearing; however, we note that Appellant was present telephonically on September 10, 2018, when the court determined it would continue the status conference to December 12. Accordingly, Appellant cannot claim she had no notice of when the status conference would be held.

court and the arbitrator to confer and interact as it relates to the arbitration procedure. *See* Rule 77(i). Further, the court had the power and discretion to decline to enter judgment on the award if it believed the arbitrator was acting impartially or exceeding his power. *See* A.R.S. § 12-1512(A)(2)-(3). The court did not do so and was within its discretion to reduce the award to a formal judgment.

### III. Amount of the Award

**¶12** Finally, Appellant argues the amount of the arbitration award is incorrect because a portion of the money Father gave her was a gift and not meant to be repaid.

**¶13** We find Appellant's argument regarding the amount of the award is waived because it was not timely raised. "To appeal an award, a party must file a notice of appeal no later than 20 days after . . . the award is filed." Rule 77(b). If timely filed, such an "appeal" results in a trial *de novo* in the superior court. Rule 77(d).

**¶14** As previously noted, the arbitrator filed the award on October 24, 2018. Appellant did not object to the form or content of the arbitration award within 5 days, *see* Rule 76(b)(3), or file a notice of appeal until January 16, 2019, after the award was reduced to judgment and well after the statutory period for an appeal. *See* Rule 77(b).

**¶15** While Appellant's failure to timely appeal the award to the superior court does not deprive this Court of jurisdiction over an appeal of the judgment, it does serve as an acceptance of the arbitrator's resolution of the issues raised therein. *See Schwab Sales, Inc. v. GN Constr. Co., Inc.*, 196 Ariz. 33, 36, ¶ 7 (App. 1998). To the extent Appellant wished to challenge the substance of the award (as opposed to the post-arbitration procedure utilized below), that appeal had to be timely asserted before the superior court. That did not occur here. Accordingly, we do not address the merits of the argument regarding the amount of the award because that argument was waived. Even were we to consider the merits of that argument, we are not a fact-finding court and there is no record upon which we could evaluate the issue.

## CONCLUSION

¶16    For the foregoing reasons, we affirm the arbitration judgment.



AMY M. WOOD • Clerk of the Court
FILED:   AA