NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LUX PROPERTY GROUP LLC, *Plaintiff/Appellee*,

*v.*

WILLIAM HUGHES, *Defendant/Appellant*.

No. 1 CA-CV 19-0577
FILED 5-28-2020

Appeal from the Superior Court in Maricopa County
No. CV2019-053682
The Honorable Steven K. Holding, Judge *Pro Tempore* (Retired)

**AFFIRMED AS MODIFIED**

COUNSEL

Hull, Holliday, & Holliday, PLC, Phoenix
By Andrew M. Hull, Denise M. Holliday, Kevin W. Holliday,
Matthew Schlabach
*Counsel for Plaintiff/Appellee*

Davis Miles McGuire Gardner, PLLC, Tempe
By Gregory L. Miles, Brittney Kay Walsh
*Counsel for Defendant/Appellant*

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge David B. Gass joined.

**W I N T H R O P**, Judge:

¶1　　　　William Hughes ("Hughes") appeals the superior court's entry of judgment granting possession of certain rental property in favor of Lux Property Group LLC ("Lux").　Hughes argues the court erred in denying his motion to dismiss and in granting a monetary award in an amount not supported by the record.　He also argues the court erred in failing to stay this action until other, related proceedings could be resolved. For the following reasons, we affirm the judgment as modified.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　Lux purchased the subject property from Hughes in September of 2018.　On October 1, 2018, Hughes entered a written lease agreement with Lux for a month-to-month tenancy of the property; either party could non-renew and terminate the lease on thirty-day notice tied to the periodic rental due date.

¶3　　　　Around April or May 2019, Hughes learned the property had gone into foreclosure[1] and stopped making his rental payments.　It appears Lux served a notice of non-payment and demand to surrender the premises on Hughes shortly after, although we do not have such notice in the record before us.　Lux served a second notice—for non-renewal and termination of the month-to-month tenancy—on May 13, 2019.

¶4　　　　On June 19, 2019, Lux initiated eviction proceedings in justice court against Hughes for nonpayment of rent pursuant to Arizona Revised Statutes ("A.R.S.") section 33-1368(B) (hereinafter, the "first eviction action").　The justice court entered judgment against Hughes and he appealed to the superior court.　Hughes posted a bond to the justice court, including rental arrears, and the justice court stayed the execution of the writ of restitution.　The first eviction action is still pending in the superior court appellate division and is not the subject of this appeal.

---

[1]　　　Mortgages of the property have since been brought current.

**¶5** In July 2019, Lux initiated a second eviction action in justice court against Hughes, this time based on Hughes' failure to vacate the property following the thirty-day notice of non-renewal/termination of his month-to-month tenancy pursuant to A.R.S. § 33-1375 (hereinafter, the "second eviction action"). At the initial appearance for this action, Hughes claimed there were issues of title with the property. Because Arizona law does not allow issues of title to be litigated in an eviction action, the justice court permitted Lux to voluntarily dismiss the second eviction action without prejudice to refiling in superior court, which has jurisdiction to not only address the right to possession, but also to resolve any title issue. *See* A.R.S. § 12-1177(A); *Curtis v. Morris*, 186 Ariz. 534, 535 (1996).

**¶6** Lux then filed a civil complaint in superior court, seeking possession based upon the lawful non-renewal and termination of the lease. Hughes filed a motion to dismiss the complaint, which the court denied. Hughes did not file an answer; nevertheless, the court heard arguments on July 25, 2019, as to the merits of the complaint. Hughes' counsel raised a variety of procedural defenses, including insufficient service of process and vague allegations of an issue with title.[2] The court took the matter under advisement and later granted judgment of forcible detainer against Hughes. As part of its judgment, the court awarded possession of the property to Lux, awarded damages for unpaid rent, and included an award for attorneys' fees and court costs. Hughes filed a timely appeal of the superior court judgment. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## ANALYSIS[3]

 I.   *Amount of the Award*

**¶7** The parties stipulate on appeal that the superior court incorrectly calculated the amount of the total damages awarded to Lux. The

---

[2] Hughes later filed a separate civil fraud complaint against Lux challenging the validity of the sale of the property and alleging breach of fiduciary duty. We are not aware of the status of that action, and the issues raised in that case are not relevant to this appeal.

[3] Pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(7), an appellant's opening brief must contain an argument section "with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on

superior court awarded Lux $1,839.70 in unpaid rent, $383 in costs, and $1,200 in attorneys' fees, which totals $3,422.70; however, the court's order misstated the total to be $6,115.70.[4]  Accordingly, we modify the judgment awarded to reflect the accurate total of $3,422.70.

**¶8**          Hughes also argues the amount of the award should not include the $1,839.70 in unpaid rent because he has paid equivalent funds in the form of a supersedeas bond in the first eviction action.  But, the parties have represented to this court that superior court appellate review of the first eviction action is still pending and, as such, the bond has not yet been released to either party.  Hughes argues that if he loses the appeal of the first eviction action as well, Lux will then be able to collect the same rent twice; however, he does not present any argument or authority for why a judgment in the first eviction action that is not yet final warrants modification of an already-final judgment in this case.  Moreover, Lux acknowledges in its answering brief that it does not intend to collect the same unpaid rent twice and recognizes that the rent portion of the award could be satisfied either through payment of this judgment, which would result in return of the bond funds to Hughes,  or instead by release of the bond funds by the justice court to Lux.  Therefore, aside from the modification above for the miscalculation, we see no error requiring us to alter the superior court's award.

       *II.      Refusal to Stay Proceedings*

**¶9**          Hughes contends the superior court erred in failing to grant a stay of the proceedings pending the appeal of the first eviction action and pending the outcome of the separate civil fraud complaint in which Hughes disputes Lux's title to the property.

---

which the appellant relies."  Here, Hughes included only a single citation to the record in his argument section and failed to include any citations to legal authority in support of his arguments.  Based on Hughes' noncompliance with ARCAP 13(a)(7), we could dismiss the action outright; however, in our discretion, we briefly address his arguments as we understand them. *See* ARCAP 25.

[4]       In the complaint and in its proposed judgment form submitted to the court, Lux sought additional holdover damages in the amount of two times the monthly rent.  The superior court crossed out the holdover damages in the judgment form and only awarded one month's rent, but then failed to recalculate the total award.

¶10     Hughes fails to cite to any place in the record where he raised this argument before entry of a final judgment. Our own review of the record shows Hughes instead filed a post-judgment "Emergency Motion to Set Supersedeas Bond and Motion to Stay Enforcement/Execution of Judgment" as well as a "Preliminary Injunction to Enjoin Enforcement of the Writ of Restitution." The superior court neither issued an injunction nor stayed the proceedings, but instead set a supersedeas bond, which Hughes obtained. We assume Hughes may have meant to appeal that order, but we have no jurisdiction over it; Hughes filed his notice of appeal before that order and never amended the notice of appeal to include it.

### III.     Denial of Motion to Dismiss

¶11     Hughes argues the superior court erred in denying his motion to dismiss because the "issues were already in front of the Justice Court" in the first eviction action and because he was current with his monthly rental payments, which were being paid to the clerk of the justice court in relation to the first eviction action.

¶12     "[A] trial court's denial of a motion to dismiss is a non-appealable interlocutory order," and as such, we do not have jurisdiction to review the denial. *Phillips v. Garcia*, 237 Ariz. 407, 409, ¶ 5 (App. 2015).

### CONCLUSION

¶13     For the foregoing reasons, we affirm the judgment as modified. We also award Lux its costs and reasonable attorneys' fees on appeal pursuant to A.R.S. § 12-341.01, upon compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED:     AA